[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16134
Non-Argument Calendar
_____

Agency No. A093-381-064


HAYDEE RODRIGUEZ VEGA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 13, 2017)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Haydee Vega, a native and citizen of Costa Rica who is proceeding *pro se*, seeks review of an order of the Board of Immigration Appeals ("BIA") denying as untimely her motion to reopen her removal proceedings and declining to reopen those proceedings *sua sponte*. In her petition for review, Vega argues that this Court has jurisdiction to review the BIA's decision not to reopen her proceedings *sua sponte*. She also argues that the non-reviewable nature of the BIA's discretionary authority regarding whether to reopen a case could lead to arbitrariness and unfairness in violation of the separation of powers doctrine and her due process rights and that this Court retains jurisdiction to consider these constitutional claims. For the reasons that follow, we dismiss Vega's petition.

I.

Vega entered the United States in 1998 as a nonimmigrant visitor with authorization to remain in the country temporarily. She overstayed her temporary authorization, so the Department of Homeland Security served her with a notice to appear, charging her as removable. Vega requested that her removal be cancelled under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1)(D), because her removal would result in exceptional and extremely unusual hardship to her five year old child, who is a United States citizen.

After a hearing, an immigration judge ("IJ") denied Vega's request for cancellation of removal, finding that although her son would experience some

2

hardship, it would not rise to the level of hardship required for cancellation. Vega appealed the IJ's decision to the BIA, which found no error and dismissed the appeal. The BIA also denied Vega's motion to reconsider.

Vega petitioned this Court for review of the BIA's denial of her motion to reconsider, but we dismissed her petition. *See Vega v. U.S. Att'y Gen.*, No. 14-14466, slip op. (July 31, 2015). Vega then moved the BIA to reopen her removal proceedings. She acknowledged that her motion to reopen was filed outside the 90-day time limit, but asserted that the BIA could *sua sponte* reopen or reconsider any of its decisions. In support of her motion, Vega asserted that she now was eligible for Immediate Relative Status because one of her sons had become a naturalized United States citizen and had filed a petition on her behalf. The BIA denied Vega's motion as time-barred. In so doing, the Board noted that Vega had not demonstrated circumstances that would warrant *sua sponte* reopening of the proceedings.

Vega petitioned this Court for review of the BIA's denial of her motion to reopen.

## II.

We review *de novo* our subject matter jurisdiction. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1282 n.4 (11th Cir. 2016). "There is no statutory provision for reopening of a deportation proceeding, and the authority for such motions derives

3

solely from regulations promulgated by the Attorney General." *INS v. Doherty*, 502 U.S. 314, 322 (1992). Under those regulations, a "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Additionally, the BIA may "at any time reopen or reconsider on its own motion any case in which it has rendered a decision." *Id.* § 1003.2(a).

The BIA is not required to reopen an applicant's removal proceedings; rather, its authority to reopen proceedings is discretionary. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001). We review the BIA's application of the standard set forth in § 1003.2(c) under "a very deferential abuse of discretion standard . . . regardless of the underlying basis of the alien's request for relief." *Id.* at 1302 (internal quotation marks omitted). Conversely, we lack jurisdiction to hear an appeal challenging the BIA's refusal to exercise its authority to reopen proceedings under § 1003.2(a) *sua sponte*. *Butka*, 827 F.3d at 1286 (citing *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291 (11th Cir. 2008)).

We retain jurisdiction to review constitutional questions arising out of removal proceedings, so long as those questions are colorable. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

III.

On appeal, Vega does not dispute that her motion to reopen was untimely because it was filed outside the 90-day time limit and does not fall within one of the exceptions to that limit. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i)-(iv); 8 C.F.R. § 1003.2(c)(2), (3). Rather, she contends that the BIA erred in declining to reopen her case *sua sponte*. Vega asks this Court to "review *sua sponte* motions to reopen for the existence of exceptional circumstances under an abuse of discretion standard." Petitioner's Br. at 5. But our precedent is clear that we lack jurisdiction to hear an appeal challenging the BIA's refusal to use its discretionary authority to reopen a removal proceeding. *Butka*, 827 F.3d at 1286. We are bound to follow that precedent unless and until it is overruled by this Court sitting en banc or the Supreme Court. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Vega is correct that we retain jurisdiction to review colorable constitutional questions arising out of removal proceedings involving the denial of discretionary relief. *See Arias*, 482 F.3d at 1284. She asserts that for this Court to decline review of the BIA's refusal to reopen her case *sua sponte* violates the Due Process Clause and the separation of powers between the executive branch and the judiciary. But these claims are not colorable. This Court has held that a petitioner

cannot prevail on a due process claim when it stems from the denial of a purely discretionary form of relief because the petitioner has no constitutionally protected interest in such relief. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (discussing denial of one form of discretionary relief, adjustment of status); *Najjar*, 257 F.3d at 1296 n.27, 1297 (noting that cancellation of removal is discretionary).

As to her separation of powers argument, we reject Vega's contention that the BIA's discretionary procedures restrict judicial review beyond what Congress contemplated. The BIA's procedures—which are promulgated by the Attorney General, not Congress—provide protection for individuals seeking cancellation of removal beyond what Congress provided in the INA. Because Vega's constitutional argument cannot be said to be colorable, we are without jurisdiction to entertain it.

IV.

For these reasons, we dismiss Vega's petition for lack of jurisdiction.

**DISMISSED.**