[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11459
Non-Argument Calendar
_____

Agency No. A073-555-378

ADEYINKA SALAMI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.
_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 10, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Adeyinka Salami seeks review of the Board of Immigration Appeals'

affirmance of an Immigration Judge's denial of her motion to *sua sponte* reopen

her removal proceedings. We, however, lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen removal proceedings, and we therefore dismiss Ms. Salami's petition.

## I

Ms. Salami, a native and citizen of Nigeria, entered the United States on or about July 22, 1983, on a non-immigrant F1 student visa. Ms. Salami had authorization to remain in the United States until June 13, 1987, but did not depart the United States by that date. On May 23, 1997, Ms. Salami filed an application for asylum, which was referred to an IJ for further proceedings. The former Immigration and Naturalization Service commenced removal proceedings against her in July 1997 through the issuance of a Notice to Appear. On September 26, 1997, Ms. Salami filed an application for cancellation of removal.

At her merits hearing on June 1, 1999, Ms. Salami withdrew her asylum and cancellation of removal applications, and requested and was granted pre-hearing voluntary departure in lieu of deportation. Ms. Salami was ordered to leave the United States no later than September 29, 1999. As before, however, she did not depart the country as ordered.

Sixteen years later, on August 18, 2015, Ms. Salami filed a motion to reopen her removal proceedings. On July 19, 2016, the IJ denied the motion, concluding that it was untimely, and that Ms. Salami did not present any exceptional

circumstances warranting *sua sponte* reopening. The IJ also construed Ms. Salami's motion as perhaps asserting an ineffective assistance of counsel claim, but rejected the claim because Ms. Salami had failed to comply with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). On March 6, 2017, the BIA affirmed the IJ's ruling and dismissed Ms. Salami's appeal.

## II

We review *de novo* our own subject-matter jurisdiction. *See Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). When the BIA issues a decision, we review that decision, "except to the extent that the BIA has expressly adopted the IJ's decision;" in that instance, we review both the IJ's and the BIA's decisions. *Id.*

## III

An immigration judge may reopen removal proceedings through either statutory authority or *sua sponte* authority. Under the Immigration and Nationality Act, an alien may file one statutory motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the entry of the final order of removal. *See id.* at § 1229a(c)(7)(C)(i).  Here, Ms. Salami filed her motion to reopen her removal proceedings more than 16 years after the

removal order became final, and the IJ correctly concluded the motion was untimely, under its statutory authority, to reopen her proceedings.[1]

An IJ may reopen removal proceedings under her *sua sponte* authority at any time, *see* 8 C.F.R. § 1003.2(a), and *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016), but the BIA has held that this authority is "an extraordinary remedy reserved for truly exceptional situations." *In re G—D—*, 22 I&N Dec. 1132, 1134 (BIA 1999). "The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *In re J—J—*, 21 I&N Dec. 976, 984 (BIA 1997). Here, the IJ concluded, and the BIA agreed, that Ms. Salami failed to prove any such exceptional circumstances.

We generally lack jurisdiction to review any decision of an IJ or the BIA when declining to exercise their discretionary *sua sponte* authority to reopen removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) ("[T]he BIA's decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a) is committed to agency discretion by law. We are, therefore, constrained to conclude that we lack jurisdiction to review the BIA's decision."). This is because "under the Administrative Procedure Act, judicial

---

[1] The 90-day deadline is subject to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-64 (11th Cir. 2013) (en banc). Ms. Salami has provided no justification for equitable tolling, and did not appeal the IJ's statutory untimeliness determination.

review is not available when agency action is committed to agency discretion by law." *Id*. at 1293 (internal quotations omitted). *See also* 5 U.S.C. § 701(a)(2). The Supreme Court has stated that "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). And in *Lenis*, we held that the statutes and regulations at issue here provided no such meaningful standard. *See Lenis*, 525 F.3d at 1293 ("[N]o statute expressly authorizes the BIA to reopen cases *sua sponte*; rather, the regulation at issue derives from a statute that grants general authority over immigration and nationalization matters to the Attorney General, and sets no standard for the Attorney General's decision-making in this context.").

One exception to this rule, however, may allow jurisdiction to review these discretionary decisions. "[A]n appellate court *may* have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power." *Id*. at 1294 n.7 (emphasis added). We have not yet answered this open question. *See Butka*, 827 F.3d at 1284.

Ms. Salami, however, does not raise any constitutional claims relating to the decision not to *sua sponte* reopen her removal proceedings. She claims, in her petition before this Court, that she received ineffective assistance of counsel during her initial removal proceedings in 1999. But this constitutional claim goes to her

5

initial removal proceedings, not to the IJ's discretionary decision not to *sua sponte* reopen those proceedings. We therefore remain without jurisdiction to review that decision or its affirmance by the BIA.

In addition, Ms. Salami did not sufficiently raise this constitutional claim before the BIA, and so we have no jurisdiction to review it substantively in any case. "A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). And "[w]e lack jurisdiction to review final orders in immigration cases unless 'the alien has exhausted all administrative remedies available to the alien as of right.'" *Id.* (quoting 8 U.S.C. § 1252(d)(1) and declining to review due process claim not raised before the BIA). Because Ms. Salami failed to raise before the BIA any ineffective assistance of counsel claims regarding the withdrawal of her asylum and cancellation of removal applications, we are without jurisdiction to review any such claims.[2]

Even construing Ms. Salami's motion to reopen her removal proceedings before the IJ as asserting a claim of ineffective assistance of counsel, as the IJ

---

[2] As the government notes in its brief, Ms. Salami did not meaningfully raise this constitutional claim of ineffective assistance of counsel before the IJ either. In her motion to reopen her removal proceedings, she simply stated that "[w]hen the Respondent appeared for the Master Calendar hearing in these proceedings, her attorney advised her not to pursue her asylum application and to accept an order of voluntary departure." The motion did not make mention of anything else remotely approaching an ineffective assistance of counsel claim. The IJ construed this single sentence as perhaps asserting a *Lozada* claim. But on appeal to the BIA, Ms. Salami again failed to raise this issue, and the BIA did not address it in its order affirming the IJ.

liberally did, Ms. Salami still failed to substantially comply with *Lozada*, which sets forth the procedural requirements an alien must satisfy before her ineffective assistance of counsel claim may be heard. *See Matter of Lozada*, 19 I&N Dec. at 639. We have previously determined that the BIA may require aliens to satisfy the *Lozada* test before considering any ineffective assistance of counsel claim. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005); *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221-22 (11th Cir. 2003). Thus, even if there were no jurisdictional bars to our review of Ms. Salami's ineffective assistance of counsel claim, she procedurally defaulted any such claim.

## IV

Because we lack jurisdiction to review the BIA's affirmance of the IJ's decision declining to exercise its *sua sponte* authority to reopen Ms. Salami's removal proceedings, we dismiss Ms. Salami's petition.

**PETITION DISMISSED.**