[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14057
Non-Argument Calendar
_____

Agency No. A024-677-430

ANTONIO NOVOA-CARBALLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 9, 2018)

Before MARTIN, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Antonio Novoa-Carballo asks this Court to review the denial of his motion

to sua sponte reopen his removal proceedings by the Board of Immigration

Appeals.  After careful consideration, we dismiss Novoa-Carballo's petition for lack of jurisdiction.

I.

Novoa-Carballo is a Cuban citizen.  He entered the United States in 1980 and became a lawful permanent resident in 1983.  In 1998 he was convicted of attempted trafficking in cocaine under Florida Statute § 893.135(1)(b).[1]  The following year the Department of Homeland Security began removal proceedings against him.  The Notice to Appear listed Novoa-Carballo's Florida conviction and charged him as removable based on his conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) or his conviction of an offense relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i).  Novoa-Carballo admitted his Florida conviction and an immigration judge ("IJ") sustained both charges of removability.  The IJ ordered his removal to Cuba on April 4, 2002.  He did not appeal.

Nearly fifteen years later, on January 17, 2017, Novoa-Carballo filed a motion to reopen the removal proceedings.  He claimed that since his removal order was entered, intervening Supreme Court decisions showed that his offense no longer qualified as a basis for his removal.  These decisions were Moncrieffe v. Holder, 569 U.S. 184, 133 S. Ct. 1678 (2013); Descamps v. United States, 570

---

[1] The statute states:  "Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine.'"  Fla. Stat. § 893.135(1)(b).

U.S. 254, 133 S. Ct. 2276 (2013); and Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243 (2016).

The IJ denied the motion to reopen.  He determined that Novoa-Carballo's motion was untimely because it was filed outside the 90-day statutory period for filing motions to reopen.  The IJ decided equitable tolling of the 90-day deadline was not warranted because Novoa-Carballo had not shown he diligently pursued his rights for the past fourteen years or that the case involved "extraordinary circumstances."  The IJ also declined to exercise his authority to sua sponte reopen the proceedings because there had been a fundamental change in law.  Specifically, the IJ determined that Novoa-Carballo's Florida conviction still "categorically constitutes an aggravated felony" and thus he "remains properly removable."

Novoa-Carballo appealed to the Board of Immigration Appeals ("BIA").  He argued the IJ "erred as a matter of law" by determining his Florida conviction still qualified as an aggravated felony.  Although he conceded that his motion was untimely, he argued the IJ should have exercised sua sponte authority to reopen the case because he had shown the result in his case would be different under the new legal framework.  The BIA dismissed the appeal, agreeing with the IJ that Novoa-Carballo's Florida conviction was an aggravated felony even under the new Supreme Court decisions he cited.

3

## II.

"We review de novo our subject-matter jurisdiction."  Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).

The Immigration and Nationality Act ("INA") allows noncitizens to file one "motion to reopen" removal proceedings.  8 U.S.C. § 1229a(c)(7)(A).  Generally, to be timely, the motion must be filed within 90 days of a final administrative order of removal.  Id. § 1229a(c)(7)(C)(i).  The 90-day deadline is subject to equitable tolling.  Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1363–65 (11th Cir. 2013) (en banc).  Courts of appeals have jurisdiction to review the BIA's decision that a motion to reopen is untimely and its decision that equitable tolling does not apply.  Mata v. Lynch, 576 U.S. ___, 135 S. Ct. 2150, 2154–55 (2015).

The BIA can also reopen the removal proceedings "sua sponte at any time." Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1283 (11th Cir. 2016) (citing 8 C.F.R. § 1003.2(a)).  The BIA has held that it will exercise this authority "only in exceptional circumstances," which requires showing that "there is a substantial likelihood that the result in [the noncitizen's] case would be changed if reopening is granted."  Id. (quotation omitted).  This Court has held that it "does not have jurisdiction to review the BIA's denial of a motion to sua sponte reopen proceedings, with the possible exception of constitutional issues."  Id. at 1285

4

(citing Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1293–94 & n.7 (11th Cir. 2008)).[2]

Thus, although "[a] fundamental change in law may satisfy this [exceptional circumstances] condition" to merit sua sponte reopening, this Court does not have jurisdiction to review "whether the BIA correctly assessed the impact of the new law on [the noncitizen's] case." Id. at 1283, 1286.

### III.

On petition to this Court, Novoa-Carballo concedes that his motion to reopen was untimely under the statutory provision. He challenges only the BIA's decision not to exercise sua sponte authority to reopen his removal proceedings. He argues that we have jurisdiction to review this issue because the BIA's decision was based on a legal conclusion—that his Florida drug-trafficking offense qualifies as an aggravated felony. Novoa-Carballo does not argue that his petition raises a constitutional issue.

This Court's decisions in Lenis and Butka are controlling. Under this circuit's prior-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531

---

[2] In Lenis, this Court determined that the BIA's decision to exercise sua sponte authority to reopen removal proceedings "is committed to agency discretion by law" under the Administrative Procedure Act ("APA"). Lenis, 525 F.3d at 1294. In Butka, this Court determined that, because Lenis rested on the APA and not the INA's jurisdiction-stripping provisions, the INA's recognition of the "enduring reviewability of questions of law" and constitutional issues in 8 U.S.C. § 1252(a)(2)(D) does not impact this case. Butka, 827 F.3d at 1286 n.7.

F.3d 1347, 1352 (11th Cir. 2008).  Because Novoa-Carballo does not raise any constitutional claims, we lack jurisdiction to review the denial of his motion for sua sponte reopening.  See Butka, 827 F.3d at 1285–86; Lenis, 525 F.3d at 1293–94 & n.7.

**DISMISSED.**