[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14485
Non-Argument Calendar
_____

Agency No. A091-151-653


MARIA CLAUDIA DIAZ VEGA,

                                                                      Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 28, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Diaz Vega petitions for review of the Board of Immigration Appeals'

("BIA") denial of her motion to reopen removal proceedings, 8 C.F.R. § 1003.2(c),

filed 16 years after her final order of removal.   She argues that the BIA failed to meaningfully address her claims for statutory reopening with equitable tolling because it failed to meaningfully consider her claim of due diligence in regard to her request for the BIA to equitably toll the 90-day deadline for submitting a motion to reopen.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id.*  Although decisions not to reopen under 8 C.F.R. § 1003.2 are reviewed for an abuse of discretion, the decision not to reopen *sua sponte* is committed to agency discretion by law, and this discretion is so wide and lacking in a meaningful standard against which to judge it that it is non-reviewable.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).  Where a petitioner challenges the BIA's nondiscretionary grounds for denying a motion to reopen, we must affirm if the BIA's decision is based on reasoned consideration and shows that the BIA made adequate findings to support the outcome.  *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871-72 (11th Cir. 2018).  We review *de novo* claims of legal error, including claims that the BIA did not provide reasoned consideration of its decision.  *Id.* at 872.  The usual rules regarding proper presentation of issues for purposes of waiver and abandonment

2

also apply to petitions to review.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (providing that issues not raised on appeal are deemed abandoned).

In evaluating a motion to reopen, the BIA must make reasoned consideration of a movant's claims.  *Lin*, 881 F.3d at 874.  We do not look to whether the agency's decision is supported by substantial evidence, but instead look to see whether the BIA "has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016) (quotation marks and alterations omitted).  However, the BIA need not specifically address each claim or piece of evidence presented.  *Id.*  Where the BIA has not given reasoned consideration of a question or made adequate findings, we remand for further proceedings.  *Lin*, 881 F.3d at 874.

Under the Immigration and Nationality Act ("INA"), an alien may file one statutory motion to reopen her removal proceedings, and the motion must be filed within 90 days of the date of entry of the administratively final order of removal. INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i).  The 90-day deadline is subject to equitable tolling.  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-65 (11th Cir. 2013).  Typically, equitable tolling of a time deadline

requires a showing that the litigant: (1) has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way. *Lin*, 881 F.3d at 872.

The BIA also has the authority to reopen removal proceedings *sua sponte* at any time. 8 C.F.R. § 1003.2(a). The BIA will only exercise its discretion for *sua sponte* reopening in exceptional circumstances. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016), *cert. denied*, 138 S. Ct. 299 (2017). In the context of a motion to reopen removal proceedings, there is no significant difference between the "extraordinary" circumstances required to justify equitable tolling and "exceptional circumstances" defined in the INA regulations. *Avila-Santoyo*, 713 F.3d at 1363 n.5. "Exceptional circumstances" are "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

As an initial matter, Diaz Vega did not challenge the BIA's determination that *sua sponte* reopening of the proceedings was unwarranted. Accordingly, she abandoned any such challenges. *See Sepulveda*, 401 F.3d at 1228 n.2. In any event, such a challenge is not reviewable. *See Lenis*, 525 F.3d at 1293-94.

The district court gave reasoned consideration to Diaz Vega's arguments that equitable tolling applied, but properly concluded that her recently-acquired I-

4

130 beneficiary status, which would allow her to adjust status to that of lawful permanent resident under certain circumstances, was not an extraordinary circumstance warranting equitable tolling. *See Gyamfi v. Whitaker*, 913 F.3d 168, 175 (1st Cir. 2019)(holding that the existence of new evidence of I-130 beneficiary status is not an extraordinary circumstance warranting application of equitable tolling of the 90-day time limit for filing a motion to open, and noting that an unforeseeable future occurrence cannot logically be viewed as impeding a movant's ability to file within the required 90-day time limit); 8 U.S.C. § 1229a(e)(1). Although the BIA did not address her arguments about diligently pursuing her rights, it was not required to do so because it determined that she had not shown extraordinary circumstances. *See Lin*, 881 F.3d at 872. Accordingly, the BIA did not abuse its discretion in denying her untimely motion to reopen, and her petition for review is denied.

 **PETITION DENIED.**