[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11954

_____

Agency No. A079-061-829

KAP SUN BUTKA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 5, 2016)

Before HULL and BLACK, Circuit Judges, and MORENO,[*] District Judge.

HULL, Circuit Judge:

_____

[*]Honorable Federico A. Moreno, United States District Judge for the Southern District of Florida, sitting by designation.

Kap Sun Butka petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to sua sponte reopen her removal proceedings. The government filed a motion to dismiss Butka's petition for lack of jurisdiction and we previously ordered the government's motion to be carried with the case. We now grant the government's motion and dismiss Butka's petition for lack of jurisdiction.

## I.  2009 REMOVAL ORDER

On September 6, 2007, the Department of Homeland Security ("DHS") issued Butka, a native and citizen of South Korea, a notice to appear ("NTA"). The NTA included the following factual allegations: (1) that Butka had overstayed her six-month nonimmigrant visitor's visa, which was issued in 1981; and (2) that Butka had a 1977 conviction from the Seoul Criminal District Court in Seoul, South Korea, for possession of 105 grams of marijuana, in violation of the Management Law for the Hemp and the Management Law of the Habitual Narcotic Drug.  The NTA charged that Butka was removable under Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense.  See INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing that an alien is subject to removal from the United States if she has been convicted of violating

2

any law or regulation of "a foreign country relating to a controlled substance (as defined in [21 U.S.C. § 802]")).

Butka responded, in January 2008, with a counseled written pleading admitting the allegations in the NTA and conceding removability.  In the same pleading, she requested relief from removal in the form of adjustment of status, pursuant to INA § 245(a), 8 U.S.C. § 1255(a).  Later, as part of the exhibit list she filed in November 2008, Butka also submitted a copy of her application for a waiver of inadmissibility, under INA § 212(h), 8 U.S.C. § 1182(h), which she filed on an unspecified date.  She asked for "waiver of [her] conviction[] and any other grounds of inadmissibility."

At her master calendar hearing in December 2008, however, DHS served Butka with a Form I-261, "Additional Charge[] of Inadmissibility/Deportability." The form stated that, "in lieu of [the charge] set forth in the original Notice to Appear," DHS was alleging that Butka overstayed her visa without authorization, rendering her removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).  See INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B) (providing that any alien present in the United States in violation of the INA, or whose nonimmigrant visa was revoked, is deportable).

Butka requested more time to answer the new charge, and the immigration judge ("IJ") set a deadline for her to provide a written response and identify and

brief her eligibility for any forms of relief.  When Butka's counsel missed the deadline to respond, the government filed a motion for a removal order, claiming that Butka had abandoned her requests for relief and that, in any event, she was ineligible for any form of relief other than voluntary departure.

On April 16, 2009, the IJ issued an order based on the existing record and Butka's prior requests for a waiver of inadmissibility and adjustment of status. The IJ found Butka removable by clear and convincing evidence.  The IJ also concluded that Butka was ineligible for adjustment of status due to her drug conviction, and that the conviction could not be waived under INA § 212(h), 8 U.S.C. § 1182(h), because it involved more than simple possession of 30 grams of marijuana.  See INA § 212(h), 8 U.S.C. § 1182(h) (providing that the Attorney General may waive an alien's ineligibility for adjustment of status when the alien's ineligibility was based on a drug conviction, and that conviction "relate[d] to a single offense of simple possession of 30 grams or less of marijuana").  The IJ ordered Butka removed to South Korea, and further noted that Butka was ineligible for voluntary departure because she had failed to file the required travel documents.

## II.  2010 BIA DECISION

Butka appealed to the BIA, arguing that the IJ erred by (1) denying a waiver of inadmissibility, (2) denying adjustment of status, and (3) ordering her removed

4

without holding a hearing or giving her an opportunity to seek voluntary departure as an alternative form of relief. Notably, Butka did not deny that she had a drug conviction or argue that her conviction involved 30 grams or less of marijuana. The government responded with a motion for summary affirmance.

On August 10, 2010, the BIA affirmed Butka's removal order for the same reasons described in the IJ's order and dismissed her appeal. The BIA explained that Butka was ineligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), because she had not shown by a preponderance of the evidence that her controlled substance offense constituted a single offense of simple possession of 30 grams or less of marijuana. And without the waiver, she was ineligible for adjustment of status. The BIA also concluded that there was no due process violation in the IJ ordering Butka removed without holding a hearing and that Butka was not unconstitutionally deprived of an opportunity to file for voluntary departure.

### III. 2011 DENIAL OF PETITION FOR REVIEW

Butka filed a petition for review in this Court. In May 2011, this Court concluded that it had jurisdiction to review only Butka's constitutional arguments and issues of law. Butka v. U.S. Att'y Gen., 427 F. App'x 819, 822 (11th Cir. 2011) (unpublished). It denied Butka's petition for review, holding that "the IJ did not violate Butka's right to due process by issuing a removal order without holding

a merits hearing," as the "documentary evidence clearly established" that Butka was not eligible for a waiver or adjustment of status because her drug conviction "involved more than 30 grams of marijuana." Id. at 823.  This Court stated that Butka "admitted" that she had a prior conviction for possession of 105 grams of marijuana, so holding a hearing would not have changed the outcome of her case. Id.  Additionally, this Court held that Butka had "a sufficient opportunity to apply for voluntary departure," and that Butka had not made out an equitable estoppel claim based on the government's initial decision to admit her with a drug conviction.  Id. at 822-23.

## IV.  2015 MOTION TO REOPEN

The record is silent from May 26, 2011, when this Court denied Butka's petition for review, until March 2, 2015, when Butka filed the instant motion to reopen her removal proceedings.  Butka's 2015 motion sought reopening pursuant to the BIA's sua sponte authority under 8 C.F.R. § 1003.2(a).  She asked the BIA to reopen her removal proceedings and remand her case to the IJ so that she could reapply for adjustment of status based on a pending Form I-130 filed by her daughter.[1]  Butka argued that her case presented the exceptional circumstances necessary for sua sponte reopening.  She did not request statutory reopening or equitable tolling.

---

[1]A Form I-130 allows a citizen or lawful permanent resident to declare a familial relationship with an alien seeking to immigrate to the United States.

To support her claim that she was eligible for adjustment of status and had an exceptional case, Butka argued that the original NTA erroneously charged that she had a 1977 conviction for possession of 105 grams of marijuana. While Butka had previously admitted to that specific allegation in the NTA, Butka's motion to reopen now claimed that she had two "concurrent" South Korean convictions— (a) one for a December 1976 possession of 100 grams of marijuana, in violation of the Habitual Drug Control Act, and (b) one for a January 1977 distribution of 5 grams of marijuana, in violation of the Cannabis Control Act.[2] Butka attached a translated copy of her criminal judgment to support her claim. There is only one criminal judgment, dated March 17, 1977, with one case number, "77 Go Hap 70." Butka argues, however, that a review of that judgment shows she was charged with a December 1976 possession of 100 grams and a January 1977 distribution of 5 grams and, therefore, she has two "concurrent crimes" in that one case.

As to her crime of possession of 100 grams of marijuana, Butka argued that the Habitual Drug Control Act was overbroad, and therefore that conviction was not categorically a controlled substance offense under the INA. As such, it did not render her inadmissible.

As to her crime of conviction for distributing 5 grams of marijuana, Butka contended that, under intervening Supreme Court and BIA precedent, the crime

[2]Butka states that her marijuana convictions fell under two different statutes because the Cannabis Control Act replaced the Habitual Drug Control Act on January 1, 1977.

7

could be waived pursuant to INA § 212(h), 8 U.S.C. § 1182(h).  Butka argued that her 5-gram-distribution crime arose from "the social sharing of marijuana on a single occasion," and in that way "relate[d] to a single offense of simple possession of 30 grams or less of marijuana," as required for a waiver under the INA.

Alternatively, Butka asserted that her case should be transferred to her current place of residence, which was within the Ninth Circuit, and argued that under Ninth Circuit law her drug convictions would be considered expunged. Therefore, should her case be reopened, Butka maintained that she would be eligible for relief under one or more of these theories.

On April 3, 2015, the BIA denied Butka's motion to reopen.  The BIA determined that Butka did not present an "exceptional situation to justify reopening sua sponte," and it denied the motion as time-barred.  The BIA reiterated that Butka was ineligible for a waiver of inadmissibility for the reasons discussed in its prior opinion.  It appeared to rely on Butka's previous admission to the original NTA that she had a 1977 conviction for possession of 105 grams of marijuana, and did not address her claims that she had two separate crimes of conviction, although in the one 1977 criminal judgment.

Because the BIA's order was brief, we recite it in full here:

> This matter was before the Board on August 10, 2010, when we dismissed the respondent's appeal from the Immigration Judge's decision determining that she is ineligible for a waiver of inadmissibility under section 212(h) of the Immigration and

8

Nationality Act, 8 U.S.C. § 1182(h). The respondent filed the present motion to reopen proceedings on March 3, 2015. The motion is untimely and the respondent requests reopening under the Board's sua sponte authority. See 8 C.F.R. § 1003.2(a).

For reasons discussed in the Board's prior decision, the respondent is not eligible for a waiver of inadmissibility due to her conviction of a controlled substance violation in which some 105 grams of hemp were confiscated from her. She could not show that her offense did not involve more than simple possession of 30 grams or less of marijuana, and we are not persuaded that the respondent's various arguments asserted in her motion could lead to a different result. See Matter v. Davey, 26 I&N Dec. 37, 39 (BIA 2012) (explaining that the exception is "exceedingly narrow and fact-specific" and refers to a "specific type of conduct (possession for one's own use) committed on a specific number of occasions (a 'single' offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana)").

Although the respondent may present a sympathetic case, she has not established that she is eligible for any relief within the jurisdiction of the Board. There is no exceptional situation to justify reopening sua sponte. The motion to reopen is denied as time-barred.

## V. 2015 PETITION FOR REVIEW AND MOTION TO DISMISS

In May 2015, Butka filed a timely petition for review in this Court. The government responded with a motion to dismiss for lack of appellate jurisdiction, citing Lenis v. U.S. Attorney General, 525 F.3d 1291 (11th Cir. 2008).

On October 16, 2015, after Butka replied to the motion, this Court issued an order carrying the government's motion to dismiss with the case. The parties have now filed merits briefs addressing the BIA's decision and reasserting their arguments concerning this Court's jurisdiction. The parties debate whether Butka

can use a motion to reopen <u>sua sponte</u> to (1) withdraw her earlier concession from January 2008[3] that she had a 1977 conviction in South Korea for possession of 105 grams of marijuana; (2) re-litigate and obtain <u>de novo</u> review of the BIA's 2010 decision that she was ineligible for adjustment of status due to that 1977 conviction; and (3) submit new evidence and arguments in 2015 that were available in her original removal proceedings, her first BIA review, and her first petition for review before this Court.  The government stresses that Butka's request to reopen is based on changes in the facts, not on changes in the law.  We need not reach and decide all these issues because we conclude we lack jurisdiction over Butka's petition for review.[4]

## VI.  DISCUSSION

To understand Butka's jurisdictional arguments, we describe the differences between the BIA's statutory and <u>sua sponte</u> authority to reopen immigration proceedings.  We then detail the relevant case law addressing this Court's jurisdiction to review the BIA's denial of motions for <u>sua sponte</u> reopening.  In the final section, we explain why we do not have jurisdiction over Bukta's petition for review.

---

[3]Butka's reply to the original NTA was filed in January 2008, which was before the government filed the amended NTA in December 2008.

[4]This Court reviews its subject matter jurisdiction <u>de novo</u>.  <u>Chao Lin v. U.S. Att'y Gen.</u>, 677 F.3d 1043, 1045 (11th Cir. 2012).

## A.    Statutory Reopening

Under the INA, an alien may file one "statutory" motion to reopen her removal proceedings, and, generally, the motion must be filed within 90 days of the date of entry of the administratively final order of removal.  INA § 240(c)(7)(A), (C), 8 U.S.C. § 1229a(c)(7)(A), (C).  The 90-day deadline is subject to equitable tolling.  Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1362-65 (11th Cir. 2013) (en banc).  This Court has jurisdiction to review the BIA's denial of a petitioner's motion for statutory reopening.  See Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009) (reviewing for abuse of discretion).

Butka filed her March 2015 motion to reopen over four years after the BIA's August 2010 order of removal.  While Butka's 2015 motion requested only sua sponte reopening, the BIA addressed statutory reopening (in addition to sua sponte reopening) and found Butka's 2015 motion to be time-barred.  On appeal, Butka does not argue that the BIA abused its discretion in declining to exercise its statutory power to reopen her removal proceedings.  She petitions for review of only the Board's discretionary decision not to exercise its sua sponte authority to reopen.

11

**B.     Sua Sponte Reopening**

The BIA has the authority to reopen removal proceedings sua sponte at any time.  8 C.F.R. § 1003.2(a).  A petitioner can file a written motion in the BIA requesting the Board to exercise its sua sponte authority.  Id.  The BIA has broad discretion over motions for sua sponte reopening, Lenis, 525 F.3d at 1293-94, but it has held that it will exercise its authority only in exceptional circumstances, In re J—J—, 21 I. & N. Dec. 976, 984 (BIA 1997).

To meet the exceptional circumstances standard, the alien must show that there is "a substantial likelihood that the result in [her] case would be changed if reopening is granted."  In re Beckford, 22 I. & N. Dec. 1216, 1219 (BIA 2000).  A fundamental change in the law may satisfy this condition.  See Matter of X-G-W-, 22 I. & N. Dec. 71, 72-73 (BIA 1998); see also In re G—D—, 22 I. & N. Dec. 1132, 1135 (BIA 1999).  Indeed, Butka relied primarily on alleged changes in the law in her motion for sua sponte reopening.  The threshold issue, however, is whether we have jurisdiction to review Butka's challenges.

**C.     Lenis—No Jurisdiction over Denials of Sua Sponte Reopening**

We directly answered this question in Lenis.  This Court, in Lenis, squarely held that it lacked jurisdiction to review a BIA decision denying a petitioner's motion for sua sponte reopening.  Lenis, 525 F.3d at 1292, 1294.  The petitioner,

12

Clara Ines Lenis, requested <u>sua sponte</u> reopening based on an intervening change in the law.  <u>See</u> <u>id.</u> at 1292.  The BIA denied her motion.  <u>See</u> <u>id.</u>

Before this Court, Lenis argued "that the BIA abused its discretion in denying [her] request to use its <u>sua sponte</u> powers to reopen the underlying proceedings essentially because the agency had issued a precedential decision changing the meaning of the term 'particular social group' under the asylum laws." <u>Id.</u>  Lenis thus raised a legal claim concerning her eligibility for asylum under the Agency's new interpretation of the term "particular social group."  <u>See</u> <u>id.</u>

In reviewing Lenis's petition for review, this Court explained that, "under the Administrative Procedure Act, judicial review is not available when 'agency action is committed to agency discretion by law.'"  <u>Id.</u> at 1293 (quoting 5 U.S.C. § 701(a)(2)).  This situation occurs when the statute at issue does not provide a "meaningful standard against which to judge the agency's exercise of discretion." <u>Id.</u>  (quotation marks omitted).  The <u>Lenis</u> Court then concluded that neither the INA nor 8 C.F.R. § 1003.2(a) provided any "standard to govern the BIA's exercise of its discretion" to <u>sua sponte</u> reopen immigration proceedings.  <u>Id.</u>  Therefore, it did not have jurisdiction to review the BIA's decision.  <u>Id.</u> at 1294.  The Court noted that, in reaching this conclusion, it was agreeing with ten other courts of appeal that had also concluded "that they have no jurisdiction to hear an appeal of

13

the BIA's denial of a motion to reopen based on its sua sponte authority." Id. at 1292.[5]

At the end of Lenis, this Court, however, expressly left open the question of whether "an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its sua sponte power." Id. at 1294 n.7 (emphasis added). The Court observed that it had no occasion to answer that question because Lenis did not raise any constitutional claims in her petition for review. Id. That question still remains open.

Butka argues that Lenis does not control her case because it involved only "a pure sua sponte discretionary denial," whereas her case contains a question of law in addition to a prayer for discretionary relief. She also claims that Mata v. Lynch, 576 U.S. ___, 135 S. Ct. 2150 (2015), undermines Lenis. The government maintains that Lenis controls Butka's case, that Mata does not undermine Lenis, and that Lenis is binding precedent. We discuss Mata and then why Lenis controls this particular case.

---

[5]Lenis cites the following decisions: (1) Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999); (2) Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006); (3) Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003); (4) Doh v. Gonzales, 193 F. App'x 245, 246 (4th Cir. 2006) (unpublished); (5) Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248-50 (5th Cir. 2004); (6) Harchenko v. INS, 379 F.3d 405, 410-11 (6th Cir. 2004); (7) Pilch v. Ashcroft, 353 F.3d 585, 586 (7th Cir. 2003); (8) Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc); (9) Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002); (10) Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir. 2003).

14

## D.    Mata v. Lynch

Subsequent to this Court's decision in Lenis, the U.S. Supreme Court decided Mata v. Lynch, 576 U.S. ___, 135 S. Ct. 2150.  Butka claims that Mata partially abrogated Lenis and mandated that federal courts of appeal assert jurisdiction over legal claims accompanying requests for sua sponte reopening.

In Mata, Petitioner Noel Reyes Mata filed an untimely motion to reopen his removal proceedings, asking the BIA to equitably toll the filing deadline based on his counsel's ineffectiveness, and grant reopening under its statutory authority. 576 U.S. at ___, 135 S. Ct. at 2153.   The BIA denied equitable tolling and, therefore, denied Mata's motion as time-barred.  Id.  It also stated that Mata's case was not one that warranted sua sponte reopening.  Id.

Mata filed a petition for review in the Fifth Circuit Court of Appeals, arguing that the BIA should have granted him equitable tolling.  Id. at ___, 135 S. Ct. at 2154.  The Fifth Circuit dismissed the petition for lack of jurisdiction, stating that it construed petitioners' requests to the BIA for equitable tolling based on ineffective assistance of counsel as motions for sua sponte reopening, and it did not have jurisdiction to review the BIA's refusal to sua sponte reopen cases.  Id.

The Supreme Court reversed the Fifth Circuit, explaining that circuit courts have jurisdiction to review the denial of statutory motions to reopen, and "that jurisdiction remains unchanged if the Board, in addition to denying the alien's

15

statutorily authorized motion, states that it will not exercise its separate sua sponte authority to reopen the case." Id. at ___, 135 S. Ct. at 2154-55 (emphasis added). The Supreme Court assumed, arguendo, that circuit courts do not have jurisdiction to review the BIA's denial of sua sponte reopening and summarized its holding as follows: "That courts lack jurisdiction over one matter (the sua sponte decision) does not affect their jurisdiction over another (the decision on the alien's request)." Id. at ___, 135 S. Ct. at 2155.

The Supreme Court ordered the Fifth Circuit to assert jurisdiction over the BIA's denial of equitable tolling and statutory reopening. Id. at ___, 135 S. Ct. at 2156-57.  In doing so, it resolved a circuit split, as every circuit court but the Fifth had already decided that it had jurisdiction to review the BIA's denial of equitable tolling in a statutory reopening case. Id. at ___, 135 S. Ct. at 2154; see Avila-Santoyo, 713 F.3d 1357 (reviewing the BIA's denial of equitable tolling in a statutory reopening case).

E.    **Synthesizing Lenis and Mata**

Butka asserts that Mata supports a bifurcated approach to sua sponte reopening cases.  Butka explains that, under this approach, courts retain jurisdiction to review the legal questions presented in a petitioner's motion to sua

16

sponte reopen.[6]  If the court concludes that the BIA made a legal error, it must remand the case for the BIA to reconsider whether to exercise its sua sponte authority in light of the correct legal framework.  However, the court of appeals remains unable to reach the ultimate question of whether the BIA abused its discretion by denying reopening.

Contrary to Butka's characterization, the Supreme Court in Mata did not instruct federal circuit courts to assert jurisdiction over legal claims related to or underlying requests for sua sponte reopening.  The Mata Court reached no holding about whether courts have jurisdiction to review the BIA's decision concerning whether to sua sponte reopen a case.  See id. at ___, 135 S. Ct. at 2155.  The Supreme Court clarified only that courts must exercise jurisdiction over statutory reopening cases and requests for equitable tolling accompanying a statutory motion to reopen.  See id.  Therefore, Mata had no effect on our precedent in Lenis, which

---

[6]For this proposition, Butka relies mainly on these decisions that were rendered before Mata was decided: Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 160 (3d Cir. 2011) ("If the reasoning given for a decision not to reopen sua sponte reflects an error of law, we have the power and responsibility to point out the problem, even though ultimately it is up to the BIA to decide whether it will exercise its discretion to reopen. . . . In such cases we can remand to the BIA."); Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009) (stating that the Court lacked jurisdiction to review the Agency's discretionary decision to deny sua sponte reopening, but determining that "where the Agency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate").

In contrast to these cases, our pre-Mata law is Lenis, which concluded that this Court did not have jurisdiction to review the BIA's denial of a motion to sua sponte reopen immigration proceedings, with the possible exception of constitutional issues.  Lenis, 525 F.3d at 1294 & n.7.

held unambiguously that this Court does not have jurisdiction to review the BIA's denial of a motion to <u>sua sponte</u> reopen proceedings, with the possible exception of constitutional issues.  See <u>Lenis</u>, 525 F.3d at 1293-94 & n.7.

Lenis, furthermore, forecloses Butka's argument that this Court could review the legal issues presented in her motion to reopen, while declining to reach the question of whether the BIA should have exercised its discretionary power to grant <u>sua sponte</u> reopening.  Like Butka, Lenis sought reopening based on an alleged intervening change in the law.  Id. at 1292.  This Court, however, did not review whether the BIA correctly assessed the impact of the new law on Lenis's case. Rather, this Court held that it did not have jurisdiction over that issue or any other—save perhaps constitutional claims—related to Lenis's motion to <u>sua sponte</u> reopen.  See <u>id.</u> at 1294 & n.7.

We are compelled to reach the same conclusion here.  As Butka has not raised any constitutional claims, we lack jurisdiction to review the BIA's denial of her motion for <u>sua sponte</u> reopening.[7]  Thus, we must reject Butka's arguments and grant the government's motion to dismiss.

---

[7]Often in the immigration context, when this Court faces a jurisdictional bar, it can still review both constitutional and legal issues.  This power comes from INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), which provides that "[n]othing in subparagraph [(a)(2)(B)] or [(a)(2)(C)], or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review."

This provision's statement concerning the enduring reviewability of questions of law, however, has no impact on our jurisdiction to review motions for <u>sua sponte</u> reopening, as it

## IV.  CONCLUSION

For all the foregoing reasons, we GRANT the government's motion to dismiss Butka's petition for review for lack of jurisdiction.  Butka's petition for review is hereby DISMISSED.

---

creates an exception only to jurisdiction-stripping provisions <u>contained in the INA</u>.  <u>See</u> INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  This Court's jurisdiction over <u>sua sponte</u> reopening decisions is limited by the Administrative Procedure Act, not the INA.  <u>See</u> <u>Lenis</u>, 525 F.3d at 1293-94.