[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11962
Non-Argument Calendar

_____

Agency No. A091-448-390

JESUS RICARDO VILLALOBOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 11, 2018)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesus Villalobos, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its initial decision, in which it concluded that he failed to qualify for relief under former § 212(c) of the Immigration and Nationality Act ("INA").[1]  For the reasons that follow, we must dismiss Villalobos's petition.

## I.

Villalobos, who first entered the United States in 1979, was admitted as a temporary resident in 1988.  In February 1991, he was convicted of possession of cocaine; he was convicted again of possession of cocaine in May 1991.  Then, in November 1991, he adjusted his status to that of a permanent resident.  One year later, he was convicted of the sale, purchase, or delivery of cocaine, as well as possession of cocaine.

Villalobos was later charged with removability.  He conceded that he was removable under INA § 237(a)(2)(B)(i),[2] but he requested a waiver under § 212(c).  The immigration judge ("IJ") concluded that because Villalobos had been

---

[1] Under § 212(c), "any permanent resident alien with a lawful unrelinquished domicile of seven consecutive years [could] apply for a discretionary waiver from deportation."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 295 (2001) (internal quotation marks omitted).  Congress repealed § 212(c) in 1996, but the Supreme Court has held that "§ 212(c) relief remains available" for noncitizens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."  *Id.* at 326.

[2] Under § 237(a)(2)(B)(i), any noncitizen who was convicted of a controlled substance violation, "other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

convicted of cocaine possession in early 1991, his later status adjustment to permanent resident was invalid. Because he had not been lawfully admitted for permanent residence, the IJ concluded, Villalobos was ineligible for relief under § 212(c). Villalobos appealed to the BIA, who dismissed his appeal, concluding, like the IJ, that Villalobos's criminal convictions had prevented him from becoming a lawful permanent resident, which was a prerequisite for § 212(c) relief.

Villalobos did not appeal the BIA's order to this Court. Instead, after the time to file a motion to reconsider had expired, he moved the BIA to accept a late-filed motion to reconsider its decision, which the BIA denied.[3] Villalobos then renewed his motion to accept a late-filed motion to reconsider, filing it along with the motion to reconsider.

The BIA, considering the two motions in conjunction, determined that the motion to reconsider had been filed out of time. It construed his renewed motion to accept a late-filed motion to reconsider as arguing that his time for filing a motion to reconsider should be equitably tolled, but concluded that his reason for the untimely filing did not constitute an extraordinary circumstance, as required for equitable tolling. The BIA also noted that a motion to reconsider must identify an error of fact or law in the BIA's prior decision; it concluded that the motion failed to do so and that its earlier determination that Villalobos did not qualify for relief

---

[3] Motions to reconsider "must be filed within 30 days of the date of entry of a final administrative order of removal." INA § 240(c)(6)(B).

under § 212(c) was correct. Villalobos petitioned this Court for review, arguing that BIA erred in concluding that he was ineligible for § 212(c) relief.

## II.

We review *de novo* our subject matter jurisdiction. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1282 n.4 (11th Cir. 2016). We lack jurisdiction to review a final order of removal entered against a noncitizen because of a criminal conviction covered in § 237(a)(2)(B), which includes certain controlled substance violations. *See* INA § 242(a)(2)(C). This bar on our jurisdiction applies unless the petitioner has presented a constitutional claim or question of law. *Id.* § 237(a)(2)(D).

Here, the BIA concluded that Villalobos's motion to reconsider was filed out of time and that he failed to present sufficient evidence of an extraordinary circumstance to justify equitable tolling. The BIA's denial, therefore, was based on a factual determination. *Cf. Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) ("The timeliness of an asylum application is not a constitutional claim or question of law . . . ."). We thus lack jurisdiction to review this decision. Because the BIA's determination that Villalobos's motion to reconsider was untimely is dispositive, we do not consider his argument that the BIA erred in its conclusion that he was ineligible for § 212(c) relief.

## III.

For these reasons, we dismiss Villalobos's petition for lack of jurisdiction.

**DISMISSED.**

5