[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10167
Non-Argument Calendar

_____

Agency No. A074-636-453

KIRK EVANS LACEY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 4, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and BRANCH, Circuit
Judges.

PER CURIAM:

Kirk Evans Lacey petitions for review of the Board of Immigration Appeals' final order declining to exercise its sua sponte authority to reopen his removal proceedings.  The government moved to dismiss Lacey's petition for lack of jurisdiction.  Because the law in our circuit is clear that we do not have jurisdiction to review the BIA's decision, we dismiss Lacey's petition.

I.

Lacey, a native and citizen of Jamaica, entered the United States in 1989 and became a lawful permanent resident in 1999.  In 2011 he was convicted of several fraud offenses resulting in losses totaling $77,750.  Two years later immigration officials served him with a notice to appear, alleging that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was an alien convicted of an aggravated felony.  On December 16, 2013, an immigration judge ordered Lacey removeable as charged.  He appealed to the Board of Immigration Appeals, which affirmed the IJ's decision on May 21, 2014.

More than three years after the BIA affirmed the IJ's decision, Lacey filed a motion asking the BIA to reopen his removal proceedings under both its statutory authority and its discretionary sua sponte authority.  The BIA denied the request to reopen under its statutory authority because Lacey had not filed his motion within the 90-day period for statutory reopening and he had not identified any applicable exception to that deadline.  The BIA also denied his request to reopen under its

2

discretionary sua sponte authority because he did not demonstrate the exceptional circumstances necessary to justify sua sponte reopening.  Lacey petitioned this court for review challenging only the BIA's decision to deny his motion for sua sponte reopening.[1]

## II.

The BIA retains broad discretion to reopen removal proceedings sua sponte at any time, but it exercises that authority only in exceptional circumstances. Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1283 (11th Cir. 2016).  To establish exceptional circumstances, an alien must show that there is "a substantial likelihood that the result in [his] case would be changed if reopening is granted." In re Beckford, 22 I. & N. Dec. 1216, 1219 (BIA 2000).

We have held that we do not have jurisdiction to review the BIA's decision whether to sua sponte reopen removal proceedings because that decision is committed to agency discretion.  Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292–93 (11th Cir. 2008); see also Butka, 827 F.3d at 1285–86 ("[W]e lack jurisdiction to review the BIA's denial of her motion for sua sponte reopening.").[2]  In such a

---

[1] Lacey did not argue that the BIA incorrectly denied his motion to reopen under its statutory authority until his reply brief, so he has forfeited any argument to that effect.  See In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009).

[2] We have noted "in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its sua sponte power."  See Lenis, 525 F.3d at 1294 n.7.  Lacey does not assert any constitutional claims related to the BIA's decision not to exercise its sua sponte authority.

situation there is "no meaningful standard against which to judge the agency's exercise of discretion." Lenis, 525 F.3d at 1293.

In his petition, Lacey challenges only the BIA's decision not to sua sponte reopen his removal proceedings. Because we do not have jurisdiction to review that decision, we DISMISS Lacey's petition.

4