[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11679
Non-Argument Calendar

_____

Agency No. A077-913-899

SONIA MARIBEL VEGA JUAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 5, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Sonia Vega Juarez seeks review of the Board of Immigration Appeals' ("BIA") order denying her second motion to *sua sponte* reopen her removal proceedings. Juarez argues, in part that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the Immigration Judge ("IJ") lacked subject matter jurisdiction over her removal proceedings because her Notice to Appear ("NTA") did not designate the specific time or date of her removal proceedings and, thus, was not a valid charging document, under INA § 239(a), 8 U.S.C. § 1229(a).[1]

Both the BIA and the IJ have the authority to reopen removal proceedings or reconsider earlier decisions at any time pursuant to their *sua sponte* authority. 8 C.F.R. § 1003.2(a); *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292–93 (11th Cir. 2008). We have held, however, that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion. *Lenis*, 525 F.3d at 1292–94.

---

[1] Juarez also argues that (1) the government violated her due process rights by not providing her with a copy of the Administrative Record ("AR") after she filed her petition for review and (2) that she is eligible for cancellation of removal and her case should be remanded so she can apply for cancellation of removal. We need not address the merits of her first argument because our docket sheet reflects that the government filed the AR with us on May 17, 2019, 3 months before Juarez filed her appellate brief on August 12, 2019. (*See* CM/ECF for 11th Cir. 19-11679, Doc. 5). Accordingly, Juarez had access to the AR. As to the second argument, we lack jurisdiction to review this argument because she did not raise that claim with the BIA and, thus, it is unexhausted. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (holding that the exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA). Accordingly, we dismiss her petition in both respects.

We have noted "in passing" that "an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power," *Lenis*, 525 F.3d at 1294 n.7, but we have not addressed, in a published opinion, the circumstances in which we retain jurisdiction to review constitutional claims related to the agency's *sua sponte* authority to reopen. We have similarly noted that we ordinarily lack jurisdiction to review the denial of a motion to reopen under the agency's *sua sponte* power, *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283-86 (11th Cir. 2016), *cert. denied sub nom. Butka v. Sessions*, 138 S. Ct. 299 (2017), but when a petitioner raises "constitutional claims . . . relating to the BIA's refusal to reopen *sua sponte*," that serves as an exception to the general rule. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).

Our review of the record reveals that no constitutional claims are present in this case. Moreover, Juarez has not alleged that the BIA's decision constituted a constitutional violation. *See id.* Accordingly, we conclude that the general rule applies and that we lack jurisdiction to review the denial of Juarez's second motion to reopen under the BIA's *sua sponte* authority.[2] *See Lenis*, 525 F.3d at 1292–93.

---

[2] Moreover, even assuming, *arguendo*, that we had appellate jurisdiction, Juarez's argument that the immigration court lacked jurisdiction is foreclosed by *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148 (11th Cir. 2019), in which we determined that the NTA was deficient under INA § 239(a)(1), 8 U.S.C. § 1229(a)(1), for failing to specify the time and date of the removal hearing, but it did not deprive the agency of jurisdiction over the removal proceedings because the statutory

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

"time-and-place requirement," like 8 C.F.R. § 1003.14, did not "create a jurisdictional rule," but was instead a "claim-processing rule."  *See Perez-Sanchez*, 935 F.3d at 1154–55.

4