[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12607
Non-Argument Calendar

_____

Agency No. A088-898-112

MARCO PLAZA-HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 9, 2020)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Marco Plaza-Hernandez seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion to *sua sponte* reopen his removal proceedings.  On appeal, he argues that the BIA failed to consider the facts surrounding his failure to appear at his initial hearing, misconstrued the circumstances that made him eligible for a new type of relief from removal, and misapplied its precedent regarding what constitutes extraordinary circumstances warranting reopening.  The government responds that we lack jurisdiction to review the BIA's refusal to exercise its authority to *sua sponte* reopen removal proceedings.  Plaza-Hernandez replies that (1) we have jurisdiction under the Administrative Procedures Act ("APA") to set aside arbitrary and capricious agency decisions and (2) he was denied due process because of the BIA's misapplication of its precedent.

We review our subject-matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Pursuant to § 242(a)(1) of the Immigration and Nationality Act ("INA"), we may review final orders of removal.  INA § 242(a)(1), 8 U.S.C. § 1252(a)(1).  However, this section does not apply to decisions committed by statute to the discretion of the Attorney General or Secretary of Homeland Security.  INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).  Similarly, though ordinarily the APA provides that a reviewing court may set aside agency actions that are arbitrary or capricious, this judicial-review provision does

2

not apply where an agency's action is committed to its discretion by law.  5 U.S.C. §§ 701(a)(2), 706(2)(A).

We lack jurisdiction to review the BIA's refusal to exercise its authority to *sua sponte* reopen proceedings because it is committed to the BIA's discretion by law.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008) (discussing § 701(a)(2)); 8 C.F.R. § 1003.2(a).  We have suggested that we may have jurisdiction to consider *constitutional* claims relating to the BIA's refusal to exercise its discretionary authority to *sua sponte* reopen proceedings, *Lenis*, 525 F.3d at 1294 n.7, but our jurisdiction does not extend to our review of solely *legal* claims, *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285–86 (11th Cir. 2016).

We lack jurisdiction to consider claims that were not raised before the BIA. *Amaya-Artunduaga*, 463 F.3d at 1250.  A due process claim that a petitioner was denied a full and a fair hearing "is precisely the kind of procedural error which requires exhaustion." *Id.* at 1251.  And a petitioner abandons an argument where he raises it for the first time in his reply brief.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1282 n.12 (11th Cir. 2001).

Accordingly, we conclude that we lack jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority to reopen Plaza-Hernandez's proceedings.  Although he argues that the APA allows us to set aside an arbitrary and capricious decision, our precedent provides that the authority to *sua sponte*

3

reopen proceedings is committed to the BIA's discretion by law, so the APA does not provide us with jurisdiction to review that decision. Although Plaza-Hernandez also argues that he was denied due process, (1) we lack jurisdiction to consider that claim because he did not raise it before the BIA, *Amaya-Artunduaga*, 463 F.3d at 1250–51; and (2) he abandoned that claim by failing to raise it in his initial brief, *see Al Najjar*, 257 F.3d at 1282 n.12. To the extent that he argues that the BIA made legal errors in misapplying its precedent, we lack jurisdiction to address that claim because it is not a constitutional claim. Accordingly, we dismiss his petition for lack of jurisdiction.

**DISMISSED.**