[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12948
Non-Argument Calendar

_____

Agency No. A073-611-873

LUIS ALFONSO DUARTE-RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 27, 2021)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Luis Alfonso Duarte-Rodriguez seeks review of a decision by the Board of

Immigration Appeals (the "BIA") denying his motion for *sua sponte*

reconsideration. Upon consideration, we dismiss his petition for a lack of jurisdiction.

**I.**

Duarte-Rodriguez is a native and citizen of Colombia who entered the United States in 1993 without admission or parole. Several years later, the Department of Homeland Security issued a notice to appear that charged Duarte-Rodriguez as removable under the Immigration and Nationality Act. Duarte-Rodriguez eventually applied for cancellation of removal and adjustment of status for certain non-permanent residents. In his application, he asserted that his removal would result in exceptional and extremely unusual hardship to his daughter, who was an American citizen. The immigration judge denied Duarte-Rodriguez's application. The immigration judge concluded that Duarte-Rodriguez's daughter would not suffer exceptional and extremely unusual hardship because she was healthy and adaptable and would be able to receive adequate education if she left the country with her father.

Duarte-Rodriguez appealed the denial of his application to the BIA, which affirmed the immigration judge's decision. Nearly four years later, Duarte-Rodriguez moved to reopen his removal proceedings based on previously unavailable evidence. He attached to his motion a mental health evaluation diagnosing his daughter with certain clinical disorders. The BIA denied his motion

2

on the grounds that it was untimely under 8 C.F.R. § 1003.2(c)(3), that no exception to the filing deadline applied, and that there was no truly exceptional situation present to warrant *sua sponte* reopening of the case.

Duarte-Rodriguez petitioned this Court for review of the BIA's denial of his motion to reopen, but it dismissed his petition for lack of jurisdiction. Duarte-Rodriguez then moved the BIA to reconsider its denial of his motion to reopen. The BIA denied his motion for reconsideration, and Duarte-Rodriguez petitioned this Court for review of the BIA's denial. The United States Attorney General moved to dismiss Duarte-Rodriguez's petition for lack of jurisdiction, and this Court ordered that the motion to dismiss be carried with the case.

## II.

We review our subject-matter jurisdiction over a petition from the BIA *de novo*. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018) (citing *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006)).

## III.

Duarte-Rodriguez argues that in denying his motion for reconsideration, the BIA (1) abused its discretion in rejecting the arguments raised in his motion to reopen and his motion for reconsideration, (2) misunderstood the basis of his motion for reconsideration and did not afford reasoned consideration to the new evidence

3

that he had offered, and (3) violated his constitutional due process right to receive a full and fair hearing. In response, the Attorney General reiterates its position from its motion to dismiss and argues that we lack jurisdiction over Duarte-Rodriguez's petition. We agree with the Attorney General.

"The BIA has the authority to reopen removal proceedings *sua sponte* at any time," and "[a] petitioner can file a written motion in the BIA" requesting it "to exercise its *sua sponte* authority." *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016) (citing 8 C.F.R. § 1003.2(a)). But we "lack[] jurisdiction to review a BIA decision denying a petitioner's motion for *sua sponte* reopening," even where a petitioner alleges legal error. *Id.* at 1283, 1285–86 (citing *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292, 1294 (11th Cir. 2008)). This jurisdictional limitation also applies to our review of the BIA's denial of a petitioner's motion for *sua sponte* reconsideration. *See* 8 C.F.R. § 1003.2(a) (addressing motions to reopen and motions to reconsider together and subjecting them to the same procedural requirements).

However, we have noted that there may be a possible exception to this jurisdictional limitation for constitutional claims. *See Butka*, 827 F.3d at 1285–86 (citing *Lenis*, 525 F.3d at 1294 & n.7). Even then, a petitioner must allege "at least a colorable constitutional violation," lest it create "jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007). "For a

4

constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity." *Id.* at 1284 n.2. (internal quotation marks omitted).

Here, the BIA denied Duarte-Rodriguez's motion for *sua sponte* reconsideration, and his sole allegation of a constitutional violation—that the BIA violated his constitutional due process right to receive a full and fair hearing—is not colorable. We have held that "[t]he decision to grant or deny a motion to reopen or a motion to reconsider" is within the BIA's "very broad" discretion. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). For that reason, a petitioner cannot prevail on a due process claim seeking reopening or reconsideration "because he has no constitutionally protected interest in purely discretionary forms of relief." *Id.* Consequently, Duarte-Rodriguez has failed to allege any colorable constitutional violations on appeal, and we therefore lack jurisdiction to review the BIA's decision.

**IV.**

For the reasons stated above, we **GRANT** the Attorney General's motion to dismiss and **DISMISS** Duarte-Rodriguez's petition. All pending motions are **DENIED** as moot.

5