[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12495
Non-Argument Calendar

_____

Agency No. A070-116-256

MARIA DINORA PORTILLO-MELGAR,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 9, 2021)

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Maria Portillo-Melgar seeks review of a decision by the Board of Immigration Appeals denying her motion for *sua sponte* reopening. Upon consideration, we dismiss her petition for a lack of jurisdiction.

## I.

Portillo-Melgar is a native and citizen of El Salvador who entered the United States without inspection in 1991. She was charged for that conduct and placed in deportation proceedings. She later applied for asylum in 1993, and the immigration judge presiding over her case set a hearing for the summer of 1995. But Portillo-Melgar failed to appear at that hearing, so the immigration judge issued a deportation order without her present.

In 2019, Portillo-Melgar filed a motion to reopen her deportation proceedings. In her motion, she asserted that her life circumstances had changed since 1995. Specifically, she asserted that she had been granted Temporary Protected Status and married an American citizen who had filed a visa petition on her behalf that was approved a year before. She therefore requested that the immigration judge exercise "*sua sponte* authority to reopen" her case and remand or terminate her deportation proceedings.

The immigration judge denied her motion. It noted that "*sua sponte* reopening is limited to exceptional circumstances," found that the case before it did not involve such circumstances, and concluded that *sua sponte* reopening was unwarranted. Portillo-Melgar appealed the immigration judge's denial of her motion to the BIA, which affirmed the immigration judge's opinion without a written opinion. Portillo-Melgar then petitioned this Court for review of the BIA's decision.

2

## II.

"Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018) (internal quotation marks and citation omitted). We review our subject-matter jurisdiction to review a petition from the BIA *de novo*. *See id.* "When the BIA summarily affirms the [immigration judge's] decision without an opinion, [that] decision becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).

## III.

Portillo-Melgar argues that the BIA erred by failing to meaningfully address an equitable tolling argument that would have enabled her to file a motion for statutory reopening. In response, the Attorney General argues that we lack jurisdiction to review her petition because it challenges a denial of a motion for *sua sponte* reopening. We agree with the Attorney General.

Under the Immigration and Nationality Act, "an alien may file one 'statutory' motion to reopen her removal proceedings, and, generally, the motion must be filed within 90 days of the date of entry of the administratively final order of removal." *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016) (citing 8 U.S.C. § 1229a(c)(7)(A), (C)). "The 90-day deadline is subject to equitable tolling," and "[t]his Court has jurisdiction to review [a] denial of a petitioner's motion for

3

statutory reopening." *Id.* (citations omitted). Additionally, both an immigration judge and the BIA have "the authority to reopen removal proceedings *sua sponte* at any time," and "[a] petitioner can file a written motion" requesting an immigration court "to exercise its *sua sponte* authority." *Id.* (citing 8 C.F.R. § 1003.2(a)); 8 C.F.R. § 1003.23(b). However, we lack jurisdiction to review a decision denying a petitioner's motion for *sua sponte* reopening, with a possible exception for constitutional claims. *See id.* at 1283, 1285–86 (citing *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292, 1294 & n.7 (11th Cir. 2008)). The reason we lack jurisdiction is that, under the Administrative Procedure Act, "judicial review is not available when agency action is committed to agency discretion by law"—a kind of agency action that includes the *sua sponte* reopening of cases. *Id.* (internal quotation marks omitted) (quoting *Lenis*, 525 F.3d at 1293).

Portillo-Melgar makes two arguments in her briefing for why we have jurisdiction to review her petition, but neither of them succeeds.

First, she argues that the APA does not divest us of jurisdiction to review her petition and cites *Marcello v. Bonds*, 349 U.S. 302 (1955), and *Ardestani v. I.N.S.*, 502 U.S. 129 (1991), in support. But *Marcello* and *Ardestani* concerned the extent to which the APA governed immigration proceedings, not the extent to which such proceedings can be reviewed by a federal court. *See Marcello*, 349 U.S. at 303–04 (noting that the petitioner challenged the validity of his deportation order in part

4

because his hearing allegedly failed to comply with the APA); *Ardestani*, 502 U.S. at 134 ("Applying our precedent in Marcello, it is clear that Ardestani's deportation proceeding was not subject to the APA[.]"). Therefore, neither precedent conflicts with our clear and controlling holdings in *Lenis* and *Butka*.

Second, she argues that by codifying motions to reopen, Congress intended to divest immigration courts of their discretionary authority to reopen. She then reasons that the regulations in 8 C.F.R. §§ 1003.2 and 1003.23 that provide discretionary authority to reopen fail the *Chevron* test and so are without legal force. But she fails to cite any authorities showing that Congress had a clear intention to divest discretionary authority from immigration courts. Moreover, the Supreme Court has expressly held "that Congress left the matter where it was [before its most recent codification regarding motions to reopen]: The BIA has broad discretion, conferred by the Attorney General, to grant or deny a motion to reopen[.]" *Kucana v. Holder*, 558 U.S. 233, 250 (2010) (internal quotation marks omitted). Hence, Portillo-Melgar's second argument is meritless, and we consequently lack jurisdiction to review her petition.

In short, Portillo-Melgar requested that the immigration judge exercise *sua sponte* authority to reopen her case. Because she makes no constitutional claims, we lack jurisdiction to review her petition.

5

**IV.**

For the reasons stated above, we **DISMISS** Portillo-Melgar's petition because we lack jurisdiction.