[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11864

Non-Argument Calendar

_____

FRANCISCO MATEO DOMINGO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A097-953-560

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Francisco Mateo Domingo challenges the Board of Immigration Appeal's (BIA) refusal to exercise its discretion to *sua sponte* reopen his 2013 deportation proceedings.[1] After careful review, we dismiss his petition for lack of jurisdiction.

I.

Domingo is a native and citizen of Guatemala. In August 1999, he arrived in the United States and has since remained in the United States. In September 2011, following his second arrest for driving under the influence of alcohol, the Department of Homeland Security initiated removal proceedings against him. In October 2011, an Immigration Judge (IJ) determined Domingo was removable. As relief from removal, Domingo filed an application for cancellation of removal as a non-permanent resident.

On October 1, 2013, following a hearing, the IJ denied Domingo's cancellation of removal application because Domingo failed to establish that his six-year-old daughter would suffer

---

[1] The Immigration and Nationality Act (INA) permits a non-citizen to file one motion to reopen removal proceedings. *See* INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). Such a motion, known as a statutory motion to reopen, must generally be filed within 90 days of the entry of a final administrative removal order. *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA also has the authority to reopen removal proceedings *sua sponte* at any time. *See* 8 C.F.R. § 1003.2(a).

21-11864                Opinion of the Court                3

exceptional and extremely unusual hardship from his removal. Domingo timely appealed to the BIA. In June 2014, the BIA agreed with the IJ's finding that Domingo failed to show an exceptional and extremely unusual hardship and dismissed his appeal.

In July 2014, Domingo timely moved the BIA to reconsider its determination. In October 2014, the BIA denied Domingo's motion for reconsideration, and Domingo did not seek judicial review.

In December 2018, Domingo filed a motion to reopen the BIA's prior decision because his newborn daughter was diagnosed with a rare condition that could lead to significant and chronic health problems. The BIA construed Domingo's motion as one that sought "sua sponte reopening of his application based upon new evidence of hardship." The BIA denied Domingo's motion, stated that it made no factual findings, and discussed that the medical evidence Domingo provided about his newborn daughter's condition reflected "normal findings." Domingo timely petitioned this Court for review of the BIA's order.[2]

II.

On appeal, Domingo argues that the BIA departed from its established standard in deciding Domingo's motion to reopen by

---

[2] We review de novo questions of subject-matter jurisdiction, *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1282 n.4 (11th Cir. 2016), and apply the same standard of review to issues of law, *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1152 (11th Cir. 2019).

prejudging the merits of his case before allowing Domingo to develop the issues at a hearing before the BIA.

Before considering Domingo's argument, we must determine the scope of our jurisdiction. We lack jurisdiction to review decisions of the BIA refusing to reopen immigration proceedings in exercise of its *sua sponte* authority where that decision is committed to agency discretion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008). Although we "may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power" to reopen, *Id.* at 1294 n.7, we lack jurisdiction to review legal claims related to the BIA's denial of a motion requesting it to *sua sponte* reopen proceedings. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285–86 (11th Cir. 2016).

Here, we lack jurisdiction to review the denial of Domingo's motion to reopen and any legal arguments that he made in support of his motion. This is because we generally lack jurisdiction to review a *sua sponte* motion to reopen immigration proceedings where Domingo does not raise any colorable constitutional claims that we might have jurisdiction to consider. *See id.* at 1285 n.6. Instead, he argues that the BIA prejudged the merits of his request which departed from its established practice in reviewing a motion to reopen proceedings. This is merely a legal challenge to the BIA's denial of his motion to exercise its broad discretion to *sua sponte* reopen his application which precludes us from further review. *Id.* at 1283.

21-11864                 Opinion of the Court                 5

We therefore must dismiss Domingo's petition for lack of jurisdiction.

**PETITION DISMISSED.**