[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11489

Non-Argument Calendar

_____

IRRAEL ARZUAGA-MILANES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-229-798

_____

Before BRANCH, LAGOA, AND ABUDU, Circuit Judges.

PER CURIAM:

Irrael Arzuaga Milanes, proceeding with counsel, seeks review of the BIA's order denying his motion to reopen his removal proceedings. Arzuaga Milanes argues that the BIA failed to give reasoned consideration to his claim that the 90-day statutory deadline to file his motion to reopen should have been equitably tolled, given that he filed his motion within 90 days after receiving a letter from his brother alleging new threats against him from Cuban government officials.

We generally "review[ ] only the BIA's decision, except to the extent the BIA expressly adopted the IJ's opinion or agreed with the IJ's reasoning." *Alvarado v. U.S. Att'y Gen.*, 984 F.3d 982, 988 (11th Cir. 2020). Findings of the IJ that the BIA did not reach are not properly before us. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). We review the BIA's denial of a statutory motion to reopen an immigration petition for an abuse of discretion, asking only "whether the BIA exercised its discretion in an arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). We review claims of legal error *de novo*, "including claims that the BIA did not provide reasoned consideration of its decision." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

An alien ordered removed may file only one statutory motion to reopen removal proceedings. INA § 240(a)(7)(A); 8 U.S.C.

§ 1229(a)(7)(A); *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016). A motion to reopen filed with the BIA must present evidence that is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(2). The motion must be filed within 90 days of the date of entry of the final order of removal unless the basis of the motion is asylum or withholding of removal and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(i)–(ii); 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii). In such cases, there is no time limit on the filing of a motion to reopen. INA § 240(a)(7)(C)(i)–(ii); 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii).

Additionally, we have held "that the 90-day deadline to file a motion to reopen immigration removal proceedings is not jurisdictional, but rather is a claim-processing rule subject to equitable tolling." *Avila-Santoyo v. U.S. Atty. Gen.*, 713 F.3d 1357, 1359 (11th Cir. 2013). "Typically, equitable tolling of a time deadline requires a showing that the litigant '(1) . . . has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Bing Quan Lin*, 881 F.3d at 872 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). We have held that we can discern "no material distinction between the 'exceptional circumstances' in the INA regulations and the 'extraordinary circumstance[s]' requirement for equitable tolling." *Avila-Santoyo*, 713 F.3d at 1363 n.5. The INA defines "exceptional circumstances" in the removal

context as "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."    INA § 240(e)(1); 8 U.S.C. § 1229a(e)(1).

To enable judicial review, the BIA must give "reasoned consideration" to a petitioner's claims. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). In evaluating whether the BIA gave reasoned consideration to a claim, we do not ask whether the BIA's decision is supported by substantial evidence. *Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 803 (11th Cir. 2016), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 415 n.2, 419–23 (2023). Instead, we examine whether the BIA "consider[ed] the issues raised and announc[ed] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quotation marks omitted). While the BIA must "consider all evidence that a petitioner has submitted, it 'need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented.'" *Id.* (quoting *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 534 (11th Cir. 2013)). "Some indications that the BIA failed to give reasoned consideration include when the BIA misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Jathursan*, 17 F.4th at 1372 (internal quotations omitted). "When the BIA fails to give

reasoned consideration to a petitioner's claims, we remand those claims." *Id.*

Here, we conclude that the BIA failed to give reasoned consideration to Arzuaga Milanes's equitable tolling claim by omitting any discussion of equitable tolling from its order and instead analyzing the timeliness of Arzuaga Milanes's motion exclusively in terms of statutory tolling—that is, in terms of changed country conditions. While the BIA's discussion of statutory tolling in its order was logical given that the motion included a "Cuba Country Conditions" section, the BIA still had to indicate that it "heard and thought" about Arzuaga Milanes's claim of equitable tolling. *Jeune*, 810 F.3d at 803. The BIA simply did not do so here. As such, we cannot say that we have been "left with the conviction" that the BIA gave sufficient consideration to Arzuaga Milanes's timeliness argument, *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019), and we are unable to meaningfully review the agency's denial of his motion to reopen his removal proceedings. Accordingly, we grant the petition for review and remand to the agency for further consideration.

**PETITION GRANTED; REMANDED.**