[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11479
Non-Argument Calendar
_____

Agency No. A042-374-496

CLARO T. LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 29, 2020)

Before ROSENBAUM, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Claro Lopez, a Cuban citizen, seeks review of the Board of Immigration Appeals' ("BIA") *sua sponte* denial of his motion to reopen his removal proceedings.  After careful review, we dismiss his petition for lack of jurisdiction.

## I.

Lopez was admitted to the United States as an immigrant.  After his admission, Lopez was convicted in three separate cases for:  (1) two counts of grand theft; (2) battery; (3) burglary with assault; (4) resisting an officer with violence; (5) resisting an officer without violence; (6) two counts of battery on a law enforcement officer; and (7) attempted escape.  As a result, the Immigration and Naturalization Service charged him as deportable based on his convictions for crimes involving moral turpitude ("CIMT") not arising out of a single scheme of misconduct.  Lopez, acting *pro se*, appeared before the immigration judge ("IJ"), who ordered him removed to Cuba.[1]  He did not appeal.

Over 20 years later, Lopez filed with the IJ a "Motion to Reopen Based on a Change in Circumstances and/or Motion to Reopen Sua Sponte."  AR at 63.[2] Lopez argued that:  (1) he was not deportable because his convictions were not for CIMTs; (2) he was not competent to represent himself at his removal hearing; and (3) he was eligible for a waiver of deportability.  In support of his motion, he

---

[1] The transcript of the removal hearing is unavailable.

[2] "AR" refers to the administrative record.

attached medical records showing that he was treated for seizures and bipolar disorder before his convictions.

The IJ denied Lopez's motion. The IJ declined to exercise its *sua sponte* authority to reopen Lopez's removal proceedings, concluding that Lopez had failed to demonstrate an "exceptional situation" warranting *sua sponte* reopening. *Id.* at 58. The IJ rejected Lopez's claim that he was not deportable based on his crimes, explaining that the record showed that he committed at least two CIMTs not arising out of a single scheme of criminal misconduct. Additionally, the IJ found that Lopez's competency claim did not warrant *sua sponte* reopening because nothing in the record indicated that he was incompetent during his removal hearing. Finally, the IJ concluded that Lopez's claim that he was eligible for a waiver of deportability had no bearing on whether he was entitled to reopening. Thus, the IJ declined to reopen *sua sponte* Lopez's proceedings.

Lopez appealed to the BIA. In his brief on appeal, he reasserted that his case should be reopened because he was (1) not deportable based on his past crimes, (2) not competent to represent himself at his deportation hearing, and (3) eligible for a waiver of deportability.

The BIA dismissed Lopez's appeal and declined to reopen his removal proceedings. The BIA determined that Lopez had not demonstrated an "exceptional situation" that warranted *sua sponte* reopening. *Id.* at 3. The BIA

3

concluded that Lopez had committed at least two CIMTs, there was no indication that he was incompetent at his deportation hearing, and his purported eligibility for a waiver of deportability was irrelevant to whether he had demonstrated an exceptional situation that warranted reopening. Accordingly, the BIA declined to reopen *sua sponte* Lopez's removal proceedings.

Lopez now petitions this Court for review of the BIA's order.

## II.

We review *de novo* questions of subject matter jurisdiction, *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1282 n.4 (11th Cir. 2016), and issues of law, *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1152 (11th Cir. 2019). When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision or explicitly agrees with the IJ's findings. *Jeune v. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Here, we review the BIA's decision.

## III.

On appeal, Lopez argues that the BIA erred when it declined to exercise its *sua sponte* authority to reopen because he was incompetent to represent himself at his removal hearing and he was not convicted of two CIMTs.

Before considering Lopez's arguments, we must determine the scope of our jurisdiction. We lack jurisdiction to review the BIA's decision not to exercise its

authority to reopen proceedings *sua sponte*. *Butka*, 827 F.3d at 1286. Nevertheless, if a petitioner alleges "constitutional claims related to the BIA's decision not to exercise its *sua sponte* power" to reopen, then we "may have jurisdiction" over those claims. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 n.7 (11th Cir. 2008).

Here, we lack jurisdiction to consider Lopez's claim that the BIA erred by refusing to exercise its *sua sponte* authority to reopen his removal proceedings. *See Butka*, 827 F.3d at 1286. The BIA rejected Lopez's arguments regarding his competency and CIMTs after concluding that those arguments did not involve the sort of "exceptional situation[s]" that warranted *sua sponte* reopening. AR at 3. Lopez contends that the BIA failed to consider evidence—namely, the transcript and audio recording of his removal hearing—that proved his incompetency and established a basis for *sua sponte* reopening. However, because Lopez's reasoned-consideration challenge (1) relates only to the BIA's discretionary decision not to reopen the removal proceedings and (2) is not a constitutional challenge to the BIA's refusal to exercise its discretionary authority, we lack jurisdiction to consider it. *See Butka*, 827 F.3d at 1286. Lopez has raised no other constitutional claim related to the BIA's decision not to exercise its *sua sponte* authority to

5

reopen his proceedings.  *See Lenis*, 525 F.3d at 1294 n.7.  We therefore dismiss

Lopez's petition for review for lack of jurisdiction.[3]

>    **PETITION DISMISSED.**

---

[3] We note that Lopez argues in passing that the IJ violated his due process rights by permitting him to represent himself at his removal hearing even though he was incompetent. Lopez did not raise this due process claim before the BIA, so it is unexhausted.  Due process claims that assert procedural errors that can be corrected by the BIA must be exhausted.  *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018) ("Where a procedural due process claim properly falls within the immigration courts' power to review and provide a remedy, the claim must be exhausted . . . .").  When a claim is unexhausted, we lack jurisdiction to consider it.  8 U.S.C. § 1252(d)(1).  Here, it appears that Lopez's competency-based claim is the sort of due process claim that must be exhausted, as the BIA could have remedied the issue by ordering a new removal hearing.  Thus, we lack jurisdiction to consider the unexhausted claim.  *See id.*  In any event, Lopez has abandoned his due process challenge by raising it in passing without supporting arguments and authority.  *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) ("Generally, when an appellant fails to offer argument on an issue, that issue is deemed abandoned.  Passing references to issues are insufficient to raise a claim for appeal." (citation omitted)).