[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11552
Non-Argument Calendar
_____

Agency No. A097-661-896

PATRICK DWAYNE GREENE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 28, 2020)

Before JILL PRYOR, LUCK, and FAY, Circuit Judges.

PER CURIAM:

Patrick Greene petitions for review of the Board of Immigration Appeals's orders (1) affirming the immigration judge's order of removal and (2) denying the sua sponte motion to reopen and reconsider. We dismiss Greene's petition for lack of jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Greene, a citizen of the Bahamas, was convicted of wire fraud in 2014. Following his conviction, the government charged, in its amended notice to appear, that Greene was removable under 8 U.S.C. section 1227(a)(1)(B) because he "remained in the United States for a time longer than permitted" and his "nonimmigrant visa . . . ha[d] been revoked." Greene denied the charge and the immigration judge held a hearing.

At the hearing, the government submitted a copy of Greene's visa showing a line through it and a sticker that said "CANCELLED/REVOKED," and a letter, dated May 11, 2018, from the United States embassy in Nassau, Bahamas, addressed to Greene, saying that his "visa was prudentially revoked by the Department of State on May 13, 2016." The immigration judge found that "the charge of removability" was "established by clear and convincing evidence" because Greene's visa had been revoked and, therefore, he was "not in possession of a valid, non-immigrant visa."

Greene appealed to the board. He argued in his notice of appeal that the immigration judge based its decision on "false allegations," did not allow him to

contest the charge of removability in the amended notice to appear or the supporting documents, and should not have allowed the government to amend the notice to appear "in lieu of the original." Greene also argued that he was not removable and his detention was unlawful because he was paroled into the United States in 2013 to be prosecuted for wire fraud and he remained a parolee while his criminal case was on direct appeal.[1]

On November 29, 2018, the board affirmed the order of removal, concluding that the immigration judge correctly found that Greene was removable under 8 U.S.C. section 1227(a)(1)(B) because his parole had expired and his visa had been revoked and therefore he had no legal basis to remain in the United States. The board also found that Greene had "not demonstrated any error by the [i]mmigration [j]udge in handling his hearings or any resultant prejudice that would amount to a due process violation." The board considered only the arguments in Greene's notice of appeal because, despite two extensions, he did not file a timely brief.

On January 4, 2019, Greene filed a motion for reconsideration and to reopen his case. Greene argued that he was unable to file a timely brief because he lacked access to a law library and deciding his appeal without his late-filed brief deprived him of access to the courts. Greene argued that he was not removable because his

---

[1] Greene's direct appeal has been pending since 2014. Following his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), Greene filed for, and received, eighteen extensions to file his response.

parole into the United States continued while his wire-fraud conviction was on direct appeal.

Also, Greene argued that the government "concocted and manufactured" the amended notice to appear "to save face and further perpetuate a sham process," and that the entire removal process was fundamentally unfair and a violation of his due process rights. He also challenged the validity of the original and amended notices to appear, arguing that the original notice omitted a date and time for the removal hearing. He said if the board granted his motion, he would seek "the only appropriate relief, that of having this case terminated for lack of evidence."

On March 27, 2019, the board denied Greene's motion. The board explained that it would treat the motion as a motion to reconsider, and not as a motion to reopen, because it alleged errors of fact and law in the prior decision and did not state new facts—and offer new evidence—that were material, unavailable, and could not have been discovered or presented earlier, as required to reopen a proceeding. The board said that "[a]lthough the motion was untimely as a motion to reconsider," it would "consider the motion to reconsider sua sponte, given [Greene]'s claim that his access to his detention facility's law library [was] limited."

On the merits, the board noted that the State Department revoked Greene's visa on May 13, 2016, according to the department's May 11, 2018 letter and "the physical effacement of the visa in [Greene]'s passport." The board also explained

4

that the same document "that evidenced [Greene's] parole" into the United States "made clear that the parole was limited in duration until February 2, 2013," and no argument about an ongoing public interest could "alter the parole document's expiration." As to Greene's due process claims, the board said that the immigration judge did not limit Greene's testimony, and even if it did, Greene did not show prejudice. The board also noted that although Greene's original notice to appear did not specify the time and place of his initial removal hearing, he received a notice of hearing with this information, and so the notice to appear properly placed him in removal proceedings.

## STANDARD OF REVIEW

We review de novo whether a petition for review was timely filed to invoke our jurisdiction. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005); Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1282 n.4 (11th Cir. 2016).

## DISCUSSION

Greene petitions for review of the board's November 29, 2018 order affirming the immigration judge's order of removal and the board's March 27, 2019 order denying the sua sponte motion to reconsider. Greene argues that: (1) he was not removable because he was paroled into the United States and he remained a parolee; (2) his removal was unlawful because his wire-fraud conviction was not final; (3) the government did not have the authority to cancel his visa; (4) the State Department's

5

letter revoking his visa was fabricated;   (5) the government violated his Fourth Amendment rights by detaining him without probable cause and only on the government's detainer; and (6) the government violated his Fifth Amendment due process rights by depriving him of a full and fair opportunity to contest the charges of removability.

However, before we get to the merits of Greene's petition, we must address our jurisdiction.  See Bing Quan Lin v. U.S. Att'y Gen., 881 F.3d 860, 866 (11th Cir. 2018) ("First, we must determine whether the Court has the power to entertain each of petitioner's claims.").  Filing a petition for review is the only way to review a final removal order.  See 8 U.S.C. § 1252(a)(5).  The petition must be filed within thirty days after the date of the final order of removal.  See 8 U.S.C. § 1252(b)(1).  This thirty-day deadline is jurisdictional.  See Dakane, 399 F.3d at 1272 n.3 ("the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional" (quotation marks omitted)).  And the deadline is not tolled by the filing of a motion to reopen or reconsider.  Id. ("[T]he filing deadline is not suspended or tolled by the fact that [petitioner] filed a motion to reopen the removal proceedings twelve days after issuance of the final order of removal.").  As to the board's November 29, 2018 order affirming the immigration judge's order of removal, Greene filed this petition nearly five months after the board issued the order and therefore we lack jurisdiction to review it.  Id. (holding that we lacked

jurisdiction to review a final order of removal where petitioner "failed to meet [the] deadline by filing his petition for review . . . over four months from the issuance of the final order of removal").

As to the board's March 27, 2019 order sua sponte denying reconsideration, "[t]he [board] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."  8 C.F.R. § 1003.2(a).  This relief is entirely "within the discretion of the [b]oard."  Id.  And "while the regulation itself, 8 C.F.R. [section] 1003.2(a), expressly gives the [board] discretion to sua sponte reopen [or reconsider] cases, it provides absolutely no standard to govern the [board]'s exercise of its discretion."  See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1293–94 (11th Cir. 2008).  With "absolutely no standard" to govern the board's exercise of its discretion, we've held that we don't have jurisdiction to review the board's decision on a motion based on its sua sponte power under 8 C.F.R. section 1003.2(a).  See id. ("[W]e hold that the [board]'s decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. [section] 1003.2(a) is committed to agency discretion by law" and "we lack jurisdiction to review" such decisions.).

The one possible exception to our no-jurisdiction rule, we said in Lenis, is that we "may have jurisdiction over constitutional claims related to the [board]'s decision not to exercise its sua sponte power."  Id. at 1294 n.7.  But the constitutional claims in Greene's petition go to the immigration judge's detention and removal decisions,

and do not relate to the board's decision not to exercise its sua sponte power. Here, the board did exercise its sua sponte power to review Greene's motion and denied it on the merits. We don't have jurisdiction to review that decision.

**PETITION DISMISSED.**