[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11833

Non-Argument Calendar

_____

DUNIA MARQUEZ-CARDONA,
JESSICA JACKELIN GUZMAN-MARQUEZ,

                                        Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A202-030-517

_____

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Dunia Marquez-Cardona and her daughter Jessica Jackelin Guzman-Marquez ("Petitioners") petition for review of the Board of Immigration Appeals's ("BIA") order denying their motion for *sua sponte* reopening of their removal proceedings. After careful review, we conclude we lack jurisdiction to review the denial of *sua sponte* reopening, and Petitioners have not raised a colorable constitutional claim. So we must dismiss the petition.

## I.

Marquez-Cardona and Guzman-Marquez are natives and citizens of Honduras who entered the United States in July 2014 without being admitted or paroled. Later that month, they were served with notices to appear ("NTAs") charging them as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Their NTAs did not identify a date or time for their hearing, but the government followed up a couple months later, sending them a notice that set the hearing date for September 18, 2018. Petitioners failed to appear for the hearing, though, so the immigration judge ("IJ") ordered them removed in absentia.

In August 2016, about two years after being ordered removed, Petitioners moved to reopen and rescind their in-absentia removal orders for lack of proper notice under 8 U.S.C. § 1229a(b)(5)(C)(ii), citing deficiencies in their NTAs. The IJ denied the motion in September 2016.

Then, in November 2021, Petitioners renewed their request for reopening and rescission of the removal order for lack of notice, relying on the Supreme Court's then-recent decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). In addition, Petitioners requested *sua sponte* reopening so they could apply for adjustment of status based on Marquez-Cardona's intervening marriage to a U.S. citizen. And they attached an application for asylum and withholding of removal filed by Marquez-Cardona and an application for adjustment of status filed by Guzman-Marquez. In January 2022, the IJ denied the motion as untimely and "number-barred" and stated that *Niz-Chavez* did not "compel termination in this case.

Petitioners appealed to the BIA. They argued, among other things, that their case warranted *sua sponte* reopening based on eligibility for asylum or withholding of removal due to changed country conditions in Honduras, as well as the humanitarian purpose of preventing the breaking up of their family. They asserted that the time and numerical limitations on motions to reopen did not apply to *sua sponte* motions to reopen.

In May 2023, the BIA dismissed the appeal. The BIA found that Petitioners' second motion to reopen was numerically barred and that *Niz-Chavez* did not warrant relief based on intervening precedent from this Court. The BIA also stated that it agreed with the IJ's "implicit determination that *sua sponte* reopening [was] unwarranted," stating that Petitioners had not shown that an exceptional situation existed that would warrant relief, citing 8 C.F.R § 1003.2(a) and BIA precedent. The BIA reasoned as follows:

Becoming eligible or potentially eligible for relief years after a final order of removal is common, and does not, in itself, constitute an exceptional situation warranting sua sponte reopening of a number-barred motion. The late acquisition of favorable equities is also not uncommon for respondents facing removal from the United States. [*Id.*]

## II.

In reviewing an immigration decision, we review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *Id.*

We review our own subject-matter jurisdiction *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We also review claims that the BIA did not provide reasoned consideration of its decision *de novo*. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

## III.

"The BIA has the authority to reopen removal proceedings *sua sponte* at any time." *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016). That authority is committed to the "broad discretion" of the BIA, which has said it will exercise the authority only in "exceptional circumstances." *Id.*

Importantly, though, "we have held on several occasions that we lack jurisdiction to review a decision of the BIA not to exercise its power to reopen a case sua sponte." *Bing Quan Lin*, 881 F.3d at 871; *see also Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008). And we have rejected the argument that we may "assert jurisdiction over legal claims related to or underlying requests for *sua sponte* reopening." *Butka*, 827 F.3d at 1285. Thus, "with the possible exception of constitutional issues," we lack jurisdiction to review issues relating to the denial of a motion to *sua sponte* reopen. *Id.* at 1285–86; *see Bing Quan Lin*, 881 F.3d at 871 ("Constitutional claims related to the BIA's discretionary decisions are different."). In asserting a constitutional claim, "a petitioner must allege at least a colorable constitutional violation." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quotation marks omitted) (addressing exception for review of constitutional claims under 8 U.S.C. § 1252(a)(2)(D)).

Here, we lack jurisdiction to review Petitioners' challenge to the BIA's denial of *sua sponte* reopening. Petitioners claim that the BIA failed to give reasoned consideration to their motion for *sua sponte* reopening by agreeing with the IJ's "implicit" denial of the same request, which they contend did not exist. But the BIA provided its own explicit reasons for concluding that *sua sponte* reopening was not warranted, including that "[b]ecoming eligible or potentially eligible for relief years after a final order of removal is common, and does not, in itself, constitute an exceptional situation warranting *sua sponte* reopening of a number-barred motion." And we review only the BIA's decision where the BIA offers its own

reasoning.  *See Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011) ("[W]e review the BIA's decision, with regard to those matters on which it rendered its own opinion and reasoning.") (quotation marks omitted).

Petitioners fail to address the BIA's explicit reasons for denying the motion for *sua sponte* reopening or to explain how the BIA's consideration and rejection of their motion caused a colorable due-process violation.  *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) ("Because Scheerer has no constitutionally protected interest either in the granting of his motions or in adjustment of status, he cannot establish a due process violation based on the BIA's decisions.").  Accordingly, we dismiss for lack of jurisdiction Petitioners' request for review of the BIA's denial of their motion to reopen their removal proceedings *sua sponte*.

**PETITION DISMISSED.**