**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11415

Non-Argument Calendar

————————————

PATRICIO LUCIANO NIEVES TENECELA,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A098-495-526

————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Patricio Nieves Tenecela petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen the immigration judge's ("IJ") in absentia removal order.

He first argues that the BIA abused its discretion by denying his motion to reopen his removal proceedings as number-barred and untimely. In Nieves Tenecela's view, he was entitled to equitable tolling of these restrictions because his Notice to Appear ("NTA") did not contain the date or time of his hearing. Second, he argues that his matter should be remanded to the BIA so that it may exercise its sua sponte authority to reopen his removal order. After careful review, we deny the petition in part and dismiss it in part.

## I.

Nieves Tenecela is a native and citizen of Ecuador. He entered the United States without inspection in December 2003. In July 2006, while detained in New Jersey, he was served with an NTA charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and ordering him to appear for a hearing in New Jersey on "a date to be set" and at "a time to be set." He was transferred to immigration court in Florida, and attended several hearings, before his release on bond in September 2006.

In October 2006, the immigration court mailed a Notice of Hearing ("NOH") to Nieves Tenecela's attorney, stating that a master hearing would be conducted in Miami immigration court on May 24, 2007, at 8:00 a.m. The NOH warned that failure to appear except for exceptional circumstances may result in the entry of an order of removal. Nieves Tenecela failed to appear for the hearing, and the IJ ordered him removed in absentia, noting that

Nieves-Tenecela had previously admitted the NTA's factual allegations and conceded removability.

## A.

In February 2016, nearly nine years after entry of the removal order, Nieves Tenecela filed the first of several motions to reopen his removal proceedings. He argued that venue was improperly changed to Florida from New Jersey, where he had lived since entering the country in 2003. The IJ denied the motion. The BIA affirmed the IJ's decision on appeal, finding that that the motion to reopen was untimely, that Nieves Tenecela failed to exercise due diligence, and that he failed to show he was prejudiced by the change in venue. The BIA also noted that he did not seek reopening to pursue asylum and withholding of removal.

Nieves Tenecela filed a second motion to reopen in February 2019. He argued that he had become eligible for cancellation of removal. Nieves Tenecela asserted that the original NTA was defective under *Pereira v. Sessions*, 585 U.S. 198 (2018), because it did not list a date or time for the hearing. He therefore contended that he did not receive proper notice of the removal hearing, and that the NTA "did not stop the clock" for purposes of calculating the length of his continuous physical presence in the United States. Nieves Tenecela also stated that he was the father of three U.S. citizen children, the first of whom was born in 2011.

In October 2019, the BIA denied the second motion to reopen. It found that the motion was untimely and that it did not fall

within any exception to the filing requirements or establish an extraordinary situation warranting sua sponte reopening.  The BIA concluded that, under the recent BIA precedent of *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (BIA 2019), the deficient NTA was cured by a subsequent NOH containing the missing information, thereby triggering the "stop-time" rule under 8 U.S.C. § 1229(a).  Accordingly, the BIA denied the motion because Nieves Tenecela did not have ten years of continuous physical presence in the United States.

After the Supreme Court's ruling in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), Nieves Tenecela filed a third motion to reopen and rescind the in absentia removal order.  He argued that under *Niz-Chavez*, contrary to the BIA's October 2019 decision, the defective NTA could not be cured, and that the NTA both failed to confer jurisdiction in the immigration court and did not trigger the stop-time rule, making him "prima facie eligible for cancellation of removal."  He noted that a motion to rescind an *in* absentia order based on lack of notice could be filed at any time.  He also submitted a completed application for cancellation of removal.

In July 2023, the BIA denied the third motion to reopen as number barred.  The BIA rejected Nieves Tenecela's argument that the defective NTA deprived the agency of jurisdiction.  It also reasoned that he waived his objection to the defective nature of the NTA by waiting too long to raise it.  Finally, the BIA declined to exercise its sua sponte authority to reopen, stating that "[b]ecom-

ing potentially eligible for relief from removal after a final administrative order has been entered is not necessarily uncommon and does not in itself constitute an exceptional circumstance warranting consideration of a number-barred motion to reopen." The BIA also noted that Nieves Tenecela had not made a prima facie showing that his removal would cause hardship to his qualifying relatives.

## B.

Then, in January 2025, Nieves Tenecela filed a fourth motion to reopen his removal proceedings. That is the subject of this appeal. Nieves Tenecela maintained his prior arguments that reopening was warranted because the NTA was defective and he qualified for cancellation of removal. He also argued that, in light of *Niz-Chavez*, the BIA should equitably toll the "time and numeric limitations" on motions to reopen.

The BIA denied the fourth motion to reopen on March 31, 2025. The BIA found that the motion was untimely and number-barred, and that it raised arguments that were "essentially the same arguments made in his prior motion." It also reasoned that *Niz-Chavez* did not present grounds for equitable tolling of the time and number limitations.

The BIA explained that, even assuming the clock did not stop under *Niz-Chavez*, Nieves Tenecela did not become eligible for cancellation of removal until well after entry of the removal order in 2007. Thus, in the BIA's view, "[t]he fact that, through natural

passage of time following the final administrative decision, the respondent continued to accrue the period of physical presence, and acquired qualifying relatives during that time period, . . . does not constitute extraordinary circumstances for equitable tolling."

Nieves Tenecela now petitions this Court for review of the denial of his fourth motion to reopen. That decision, and only that decision, is before us for review.[1]

## II.

We review the BIA's denial of a motion to reopen for an abuse of discretion, *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1040 (11th Cir. 2019), asking only whether the BIA exercised its discretion arbitrarily or capriciously, *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

A noncitizen who receives written notice of his removal hearing and fails to appear may be ordered removed in absentia. 8

---

[1] As the government notes, Nieves Tenecela's petition for review is untimely to the extent he seeks review of the BIA's prior decisions ordering his removal and denying his first three motions to reopen. *See* 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed "not later than 30 days" after the date of the order). Because the government seeks dismissal on this ground, we limit our review to the BIA's final decision on March 31, 2025. *See Riley v. Bondi*, 606 U.S. 259, 263, 272–74 (2025) (holding that § 1252's 30-day filing rule is not jurisdictional, but that it may be enforced by the government).

U.S.C. § 1229a(b)(5)(A); *see id.* § 1229(a)(1) (specifying how notice may be made). Such a removal order "may be rescinded only" upon a motion to reopen (a) "filed with 180 days" after the removal order if the noncitizen "demonstrates that the failure to appear was because of exceptional circumstances"; or (b) "filed at any time" if the noncitizen "demonstrates that [he] did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)," or that he could not appear because he was in custody. 8 U.S.C. § 1229a(b)(5)(C). Relief under this provision "is conditioned upon the [noncitizen's] showing he was not at fault for failing to appear." *Campos-Chaves v. Garland*, 602 U.S. 447, 461 (2024).

A petitioner typically "may file one, and only one motion for reopening of an order of removal." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023); *see* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(4)(ii). But the time and number limitations on motions to reopen are generally subject to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362, 1364–65 (11th Cir. 2013) (*en banc*); *Hamilton v. U.S. Att'y Gen.*, 138 F.4th 1312, 1319 (11th Cir. 2025). Equitable tolling is warranted if the petitioner shows that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way. *Avila-Santoyo*, 713 F.3d at 1363 n.5. Changes in decisional law generally are not considered "extraordinary circumstances" that warrant equitable tolling. *See Arthur v. Thomas*, 739 F.3d 611, 631–32 (11th Cir. 2014).

**A.**

In his fourth motion to reopen, Nieves Tenecela argued that, under *Niz-Chavez*, the defective NTA constituted an extraordinary circumstance that warranted equitable tolling of the ordinary time and number limitations on motions to reopen.

To qualify for cancellation of removal, a noncitizen must have been "physically present in the United States for a continuous period of not less than 10 years" preceding the noncitizen's application, among other requirements. 8 U.S.C. § 1229b(b)(1)(A). But a "stop-time rule" provides that any period of physical presence is deemed to end when the noncitizen is "served a notice to appear under section 1229(a)." *Id*. § 1229b(d)(1)(A).

In *Pereira v. Sessions*, the Supreme Court held that an NTA must include the date, time, and location of the removal proceedings to trigger the stop-time rule. 585 U.S. 198, 208–09 (2018). Then, in *Niz-Chavez*, the Court held that an NTA sufficient to trigger the stop-time rule must be a "single document" that includes both the charges and the time and place of the hearing. 593 U.S. at 158, 161–62, 171–72. In other words, the government may not cure a defective NTA for stop-time purposes by providing only the time and place of the hearing in a supplemental NOH. *Id*.

As applied here, *Niz-Chavez* teaches that Nieves Tenecela's defective NTA, lacking a date or time, did not trigger the stop-time rule. *See id.* So by the time he filed the fourth motion to reopen in 2025, he met the 10-year physical-presence requirement and had

acquired qualifying U.S. relatives.  Nieves Tenecela thus contends that *Niz-Chavez* marked a "dramatic shift" in the legal landscape, rejecting the BIA's prior interpretation of the stop-time rule, and "created a pathway to relief that previously seemed foreclosed."

**B.**

But the BIA reasonably concluded that Nieves Tenecela's becoming potentially eligible for cancellation of removal, well after entry of the in absentia removal order, did not excuse the time and number limitations on motions to reopen.  Several factors support the BIA's decision in this case.

First, we have rejected the argument that a defective NTA deprives the immigration court of jurisdiction to order removal. *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019).  In *Perez-Sanchez*, we held that the BIA "properly exercised jurisdiction" and entered a "valid final order of removal," even though the "NTA was deficient" in that it failed to list the time or place of the hearing.  *See id.* at 1153–54, 1157.  We reasoned that § 1229's time-and-place requirement did not create a jurisdictional rule or deprive the agency of its removal authority conferred by § 1229a(a)(1).  *Id.*

Second, Nieves Tenecela's fourth motion to reopen did not identify any statutory grounds for rescission of the in absentia removal order.  *See* 8 U.S.C. § 1229a(b)(5)(C).  It did not show a "failure to appear . . . because of exceptional circumstances."  *Id.* § 1229a(b)(5)(C)(i).  In particular, the motion did not dispute that

Nieves Tenecela received notice through his attorney of the removal hearing on May 24, 2007, and it made no attempt to connect the defective NTA to his failure to appear, notwithstanding his venue objections. *See Campos-Chaves*, 602 U.S. at 461. Plus, the 2025 motion was filed well beyond "180 days after the date of the order of removal." 8 U.S.C. § 1229a(b)(5)(C)(i).

Nor is a defective NTA alone sufficient to show that Nieves Tenecela "did not receive notice in accordance with paragraph (1) or (2) of [§] 1229(a)." *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). The Supreme Court recently interpreted this language in *Campos-Chaves*, holding that a noncitizen "can have his in absentia removal order rescinded under § 1229a(b)(5)(C)(ii) only if he can demonstrate that he 'did not receive' a paragraph (1) notice *or* a paragraph (2) notice—whichever corresponds to the hearing at which he was ordered removed in absentia." *Id.* at 457 (emphasis assed). A noncitizen "who receives only paragraph (2) notice must still attend the hearing or face in absentia removal." *Id.* at 465. In other words, "only one form of notice is required to render an in absentia removal lawful, and that notice must be for the hearing that was missed." *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1317 (11th Cir. 2022).

Here, as in *Campos-Chaves*, Nieves Tenecela received a written NOH under paragraph (2), which gave notice of the time and place of the May 2007 removal hearing at which he was ordered removed in absentia. *See Campos-Chaves*, 602 U.S. at 462–64. Thus,

he had the type of notice required to "render an in absentia removal lawful." *Dacostagomez-Aguilar*, 40 F.4th at 1317.

Third, as the BIA noted, Nieves Tenecela raised nearly identical arguments based on *Niz-Chavez* in his third motion to reopen filed in September 2021. The BIA denied that motion in July 2023, and Nieves Tenecela did not seek this Court's review. So even if we assume *Niz-Chavez* excused the "one motion" bar for his third motion to reopen, Nieves Tenecela does not identify any subsequent circumstance permitting a fourth, successive motion rehashing those same arguments.

Fourth, the BIA reasonably concluded that Nieves Tenecela's potential later-established eligibility for cancellation of removal, without offering grounds for rescission of the removal order, did not justify equitable tolling of the ordinary time and number limitations. He entered the United States in 2003 and was ordered removed in 2007, well before he met the ten-year physical presence requirement or had a qualifying U.S. relative. Thus, as the BIA explained, Nieves Tenecela "was not eligible to timely apply for cancellation of removal during the proceedings or in a timely motion to reopen, for reasons unrelated to the operation of the stop-time rule." That's consistent with our caselaw that changes in decisional law generally are not considered "extraordinary circumstances" that warrant equitable tolling. *See Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007); *Arthur v. Thomas*, 739 F.3d 611, 631–32 (11th Cir. 2014).

Given these circumstances, we cannot say that the BIA acted arbitrarily or capriciously in concluding that *Niz-Chavez*'s interpretation of the stop-time rule did not justify equitable tolling of the number or time bars on motions to reopen in this case. We therefore deny the petition for review as to this claim.

### III.

Finally, Nieves Tenecela argues that we should remand for the BIA to exercise its sua sponte authority to reopen proceedings due to alleged procedural due process violations and his prima facie eligibility for cancellation of removal. Although courts "must exercise jurisdiction over statutory reopening cases and requests for equitable tolling accompanying a statutory motion to reopen," we lack jurisdiction to review the BIA's decision not to exercise its power to reopen a case sua sponte. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285 (11th Cir. 2016); *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008). And Nieves Tenecela does not raise a colorable constitutional error with respect to the denial of his fourth motion to reopen. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (noting that a petitioner cannot create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb"). We therefore dismiss the petition as to this issue.

**PETITION DENIED IN PART; DISMISSED IN PART.**